COMMONWEALTH *vs.* BOSTON AND ALBANY RAILROAD COM-PANY.

Suffolk. May 22. — September 6, 1876. COLT & LORD, JJ., did not sit.

Under the Gen. Sts. c. 63, § 98, a fine is not recoverable for the use of the next of kin of a person, not a passenger, who is killed by the negligence of a railroad corporation or its servants, and who leaves no widow or children.

INDICTMENT under the Gen. Sts. c. 63, § 98, to recover for the use of the next of kin of James T. Keogh, a fine, by reason of the loss of his life from being run over on June 18, 1874, by a locomotive engine and train of cars of the defendant, at a grade crossing in Boston. The indictment alleged that Keogh was not a passenger nor an employee of the corporation, that he left no

widow nor children, but left as his next of kin a father, mother, brothers and sisters. The defendant demurred to the indictment, on the ground that it did not allege that the deceased left any widow or children, but did allege that there was no widow nor children. In the Superior Court, *Colburn*, J., overruled the demurrer; the defendant pleaded guilty, and the case was, at the request of the parties, reported by the judge for the determination of this court upon the question of law raised by the demurrer.

*C. P. Greenough*, for the Commonwealth.

*G. S. Hale*, for the defendant.

DEVENS, J. When by reason of the negligence or carelessness of a railroad corporation, " or of the unfitness or gross negligence or carelessness of its servants or agents," the life of a passenger is lost, the Gen. Sts. *c.* 63, § 97, impose a fine upon the corporation, to be recovered by indictment " for the use of the widow and children of the deceased in equal moieties, but if there are no children, to the use of the widow, or if no widow, to the use of the next of kin." The 98th section of the same chapter provides for the loss of life of a person not a passenger, occasioned by reason of the negligence or carelessness of the corporation, or by reason " of the unfitness or gross negligence or carelessness of its servants or agents, while engaged in its business," and imposes a fine, also to be recovered by indictment, " for the use of the widow and children as provided in the preceding section." The latter section does not mention, expressly or by direct reference, " the next of kin," who are mentioned in the former section, and who must there be considered as next of kin, other than children.

Both sections contemplate proceedings, as for a criminal offence, by indictment; but a leading object of them is to secure some pecuniary provision for those who may be dependent upon the deceased, and while penal in form, they are therefore largely remedial in character. It is therefore indispensable that those who are entitled to the benefit of the fine which may be imposed, upon an indictment under either section, should appear thereby to exist. *Commonwealth* v. *Eastern Railroad*, 5 Gray, 473. While the various sections of the statute are to be construed, so far as we can ascertain from their provisions, in such a way as to effect

the intentions of the Legislature, the number of persons entitled to the benefit of the fine cannot be extended beyond that which is prescribed. A remedy purely statutory is not to be enlarged beyond its defined limits, even if we cannot see any reason why the Legislature might not with equal propriety have extended its benefits to others than those named.

Had it been enacted, by § 98, simply that the fine should be appropriated as provided in § 97, undoubtedly "the next of kin" (there being no widow or children) would be entitled thereto. When, however, § 98 enacts that the fine thereby imposed shall be "for the use of the widow and children, as provided in the preceding section," and omits any mention of others included in the previous section, the distinct mention of one class, and the failure to mention another, both of whom are entitled to the benefit of the fine which might have been imposed under the previous section, necessarily indicate that the latter class is not included.

It is contended that under the St. of 1853, c. 414, there might have been a recovery, in a case similar to the present, for the benefit of the heir at law, and that under the St. of 1874, c. 372, § 163, there may now be a recovery in a similar case for the use of the next of kin, and therefore that the true construction of the Gen. Sts. c. 63, § 98, requires us to hold that it includes "the next of kin" among those beneficially entitled to the fine. This argument is far from satisfactory; such changes in the legislation quite as strongly indicate that the benefit of the remedy was limited by the Gen. Sts., and was again subsequently extended.

We have not deemed it necessary to consider other objections to the indictment. Upon the ground that it appears by it that the deceased, who was not a passenger, left neither widow nor children, and that it is prosecuted for the benefit of the next of kin, we are of opinion that the entry must be

*Demurrer sustained.*