COMMONWEALTH *vs.* BOSTON & LOWELL RAILROAD CORPORATION.

Middlesex. Nov. 27, 1882. — Jan. 3, 1883. HOLMES, J., absent.

It is no defence to an indictment against a railroad corporation, under the St. of 1874, *c.* 372, § 163, for causing the death of a passenger, that the passenger was not in the exercise of due care.

INDICTMENT on the St. of 1874, *c.* 372, § 163, for causing the death of Daniel Driscoll, on May 3, 1881, while a passenger on a train of cars of the defendant corporation. At the trial in the Superior Court, before *Brigham*, C. J., it appeared that Driscoll was a passenger on the defendant's road at the time named in the indictment, and, although there was room for him to stand within the cars, he was standing on the front platform of the first passenger car, when the train, through the negligence of an employee of the defendant, in misplacing a switch, left the main track, and ran into a train of cars standing on a side track; that Driscoll was crushed between the tender of the locomotive engine and the platform of the car on which he had been standing; and that no one else on the train of cars was injured.

These facts not being in dispute, the defendant asked the judge to rule that the indictment could not be maintained. The judge refused so to rule, and instructed the jury as follows: " It being admitted that carelessness or neglect of the defendant's agent or servant caused a collision of cars, upon which Driscoll was riding as a passenger, and that this collision caused the death of said Driscoll, the jury, for the purposes of this trial, are instructed, that no question of due care on the part of said Driscoll arises in this case, and that, — notwithstanding said Driscoll, at the time of said collision, was standing on

the platform of the car upon which he was a passenger, having gone and remained there voluntarily, when there was room to stand within said car, — upon the undisputed facts, the jury will be warranted in finding that the allegations of the indictment are proved beyond a reasonable doubt, and in returning a verdict of guilty against the defendant." The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. H. George*, for the defendant.

*W. B. Gale & J. P. Gale*, (*J. G. Maguire* with them,) for the Commonwealth.

COLBURN, J. The only question presented in this case is whether, at a trial under an indictment for causing the death of a passenger, based upon the provisions of the St. of 1874, c. 372, § 163, the want of due care on the part of the passenger killed is a defence to such indictment.

The first statute upon this subject was the St. of 1840, c. 80, which provided that, "if the life of any person, being a passenger, shall be lost by reason of the negligence or carelessness of the proprietor or proprietors of any railroad, steamboat, stagecoach, or of common carriers of passengers, or by the unfitness or gross negligence or carelessness of their servants or agents, in this Commonwealth, such proprietor or proprietors, and common carriers, shall be liable to a fine, . . . . to be recovered by indictment, to the use of the executor or administrator of the deceased person," &c.

The St. of 1853, c. 414, subjected a railroad corporation to the same liabilities as the St. of 1840, c. 80, if from the same causes "the life of any person, not being a passenger or employee of such corporation, shall be lost, such person being in the exercise of due care and diligence," &c.

In the General Statutes the provisions of the St. of 1840, c. 80, are reënacted, and so far as they relate to railroad corporations are contained in c. 63, § 97, and the provisions of the St. of 1853, c. 414, are reënacted in c. 63, § 98. So far as the provisions of the St. of 1840, c. 80, relate to persons, or corporations other than railroads, they are reënacted in the Gen. Sts. c. 160, § 34, relating to offences against the person.

In the revision and consolidation, in 1874, of all general acts relating to railroads, the provisions of the Gen. Sts. c. 63,

§§ 97, 98, are as follows: " If by reason of the negligence or carelessness of a railroad corporation, or of the unfitness or gross negligence or carelessness of its servants or agents while engaged in its business, the life of any person being a passenger is lost; or the life of any person being in the exercise of due diligence, and not being a passenger or in the employment of such corporation, is lost; in either case, the corporation shall be punished," &c. St. 1874, *c.* 372, § 163.

In comparing these different statutes, we are led to the conclusion that the Legislature designed to subject the defendant to the penalty for causing the death of a passenger, though such passenger might have been wanting in the exercise of due care. We cannot suppose that, in all these statutes and revisions, the omission to require due care from a passenger, and the express requirement of it from other persons, is without meaning, and that due care is required alike in both cases.

The statute was designed, in part, to impose a punishment for the carelessness of the defendant, or its servants; and, as stated in the opinion in *Carey* v. *Berkshire Railroad,* 1 Cush. 475, the penalty " is doubtless to be greater or smaller, within the prescribed maximum and minimum, according to the degree of blame which attaches to the defendants, and not according to the loss sustained by the widow and heirs of the deceased." *Commonwealth* v. *Eastern Railroad,* 5 Gray, 473. *Commonwealth* v. *Boston & Albany Railroad,* 121 Mass. 36. That one purpose of the Legislature was to punish the defendant is further indicated by § 164, following the section upon which the indictment in this case is based, which provides that, under certain circumstances, a railroad company shall be subject to a fine, recoverable by indictment, as provided in § 163, for an injury to a person not a passenger, " unless it is shown that, in addition to a mere want of ordinary care, the person injured . . . . was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law; and that such gross or wilful negligence or unlawful act contributed to the injury."

If the person whose negligence caused the death had been indicted for manslaughter, the negligence of the deceased would not have been a defence. *Regina* v. *Longbottom,* 3 Cox C. C. 439. *Regina* v. *Swindall,* 2 Car. & K. 230.

As we are governed in our construction of the statute in question by the comparative provisions of different statutes, it becomes unimportant to determine what construction the original statute of 1840, or its revisions, should receive, if the other statutes to which we have referred had not been passed, and little aid can be expected from the legislation or adjudications in other States or countries. Maine and New Hampshire are the only other States, so far as has come to our knowledge, in which the proceedings in similar cases are by indictment. The statute of Maine expressly requires that the deceased, though a passenger, should be in the exercise of due care. The statute of New Hampshire makes no distinction between passengers and other persons, not in the employment of the railroad company, and makes no allusion to the question of due care on the part of the person killed. The provisions for fine and its disposition are similar to those contained in our statute. The proceeding under this statute, though in the name of the State, is held to be substantially a civil proceeding to recover damages, and to be governed by the same rules, as far as practicable, as govern civil actions. *State* v. *Manchester & Lawrence Railroad,* 52 N. H. 528.

In England and in most of the States of the Union, a remedy in similar cases is given by statute to the personal representative of the deceased, to recover by civil action damages for the benefit of the widow, &c., and these statutes generally provide that the action may be maintained when the circumstances are such that the deceased, if he had survived, might have maintained an action for the injuries received.

*Judgment on the verdict.*