HARRIET E. MERRILL, administratrix, *vs.* EASTERN RAILROAD COMPANY.

Essex.    Nov. 5, 6, 1884. — May 8, 1885.    FIELD, C. ALLEN, & COLBURN, JJ., absent.

It is no defence to an action of tort against a railroad corporation, under the Pub. Sts. c. 112, § 212, for causing the death of a passenger, that the passenger was not in the exercise of due care.

In an action against a railroad corporation, under the Pub. Sts. c. 112, § 212, for causing the death of a passenger, there was a conflict of evidence as to whether the train stopped, at a place not a station, before another train went by on another track, by which train the alleged passenger, who had left the car, was killed. A witness, who was in another car on the same train, testified that he heard some one call out the name of the station, and immediately afterwards the other train went by. He was then asked, against the objection of the defendant, whether he noticed that anything took place. He answered, that he noticed "that people went towards the door, and the door was closed after." Another witness, who was also in another car, was allowed to testify that, after the train stopped, she went on to the platform, and was assisted to the ground by an employee of the train. Another witness, who was also in another car, testified that, after the station was called, she got to the ground before

the other train passed. The jury were instructed that they were to consider this evidence only on the issue whether the train stopped before the other train went by, and were not to consider it on the question whether the name of the station was called, unless it was called in the hearing of the person who was afterwards killed. *Held,* that the defendant had shown no ground of exception to the admission of the evidence.

TORT, under the Pub. Sts. *c.* 112, § 212. The second count of the declaration, which alone need be stated, alleged that the defendant was a corporation owning and operating a railroad between Boston and Portsmouth, and was a common carrier of passengers between said places; that William K. Merrill, the plaintiff's intestate, was a passenger on a train of the defendant; and that, while he was a passenger as aforesaid, the defendant, by the gross carelessness of its servants and agents, drove an engine and cars of the defendant against him, whereby said Merrill was killed. Answer, a general denial.

Trial in the Superior Court, before *Mason,* J., who allowed a bill of exceptions, which, after stating that the pleadings might be referred to, was in substance as follows:

The evidence introduced by the plaintiff tended to prove that the deceased was a passenger on a train approaching the station at North Beverly from the west; and that, before the train reached the station, it stopped, and the name of the station was called by the defendant's servants or agents, and thereupon the deceased went down the steps of the car in which he was riding, stepped from the lower step, and disappeared with a train which passed in the opposite direction upon another track.

Frederick A. Prescott, a witness called on behalf of the plaintiff, testified that he was in the train on which the deceased was riding, just before the accident; that, as it approached North Beverly station, but before it reached the station, it stopped, and the witness, who sat in a car in the forward end of the train, but not the car in which the deceased was riding, but whether it was the next car or not he did not know, heard some one call the station; and that almost immediately afterwards the express train, by which the deceased was struck, flashed by on the side towards the station, on the other track. He was then asked, " Did you notice whether anybody left the train or not, or got up? " This question, being objected to, was withdrawn, and witness was asked, " Did you notice that anything

took place?" Objection was made to this question, on the ground that the witness was not in the same car with the deceased. This was overruled, and the witness's answer was, "I noticed that people went towards the door, and the door was closed after."

Annie Symonds testified to being on the same train as the last-named witness, and to its stopping as before stated; that she was in the rear car, while the deceased, it appeared, was in the smoking-car, and there were several cars between them. She was then asked, " What did you do?" She answered, " I got up and went out on the platform on the forward end of the car, and, as I stepped on the platform, an employee of the road, who wore a badge and was the same person who had taken my ticket, said, 'Wait and I will help you down.' He went down the steps of the car, and I went down the steps, and I got down to the ground." This question and answer were admitted, against the objection of the defendant.

Mary J. Gibney testified that she was upon the train, but did not know the position of the car in which she was, except that there were other cars between her car and the rear, and other cars between her and the engine. The following questions and answers were admitted, subject to the defendant's objection:

Qu. " Did you hear anything said or anything called before the train stopped? Did you hear any name or place called?"— Ans. " North Beverly."

Qu. " And by whom was it called, do you know?" — Ans. " I do not know."

Qu. " In what manner was it called?" — Ans. " North Beverly. I rose up out of my seat, and got out of the car."

Qu. " Did you rise up before you heard the words North Beverly?" — Ans. " No, sir."

The evidence introduced by the defendant tended to show that the train on which Merrill was did not stop before the express train passed, but that it slowed down to the rate of from two to five miles an hour; that the station North Beverly was not called by any one in the defendant's employ until after the express train had passed and the station had been reached, and, generally, that the defendant's servants and agents were not negligent.

The defendant requested the judge to instruct the jury as follows: " It is incumbent upon the plaintiff, in order to recover in this action upon the second count, to prove that the deceased was in the exercise of due care." The judge declined so to rule.

On points not involved in or connected with the rulings heretofore mentioned as objected to, the judge gave appropriate and full instructions, which were not excepted to.

The judge further instructed the jury as follows: " Passing all the matters not in controversy, and which are assumed by both parties, for the purpose of determining whether Mr. Merrill was a passenger, it becomes us to inquire whether this train stopped. I may say in reference to all the counts in the declaration, it is essential to inquire whether this train upon which Mr. Merrill was riding stopped. Unless it be proved that that train came to a full stop before he got off, he cannot recover upon any count in this declaration. He cannot recover, first, because he does not show himself to have been a passenger at the time he received the injury. If he left that train while it was in motion, he was neither a passenger nor a person in the exercise of due care. So that if he left that train while it was in motion, that is the end of this case in any light in which you may consider it. There can be no recovery on either of the counts if he left the train while in motion.

" The evidence by which the plaintiff seeks to establish the fact that that train did come to a full stop is the testimony of Prescott, that the train came to a stand-still, and, after it came to a stand-still, the station was called, and after that the express train dashed by; and the testimony of Mrs. Symonds, who was in the rear car. She says the train stopped, and she got up and went out; that one of the employees helped her to the ground, the express train passed, and she felt the current of wind and dust; all this testimony is competent only on the question whether the train stopped. What she did is competent only as it bears upon this question, whether the train stopped. It is not of any consequence whether she was invited by an employee to alight. She was in the rear car, and no inducement for her to alight would have a bearing as to whether the deceased was induced to alight. But her testimony,

what she did, is competent for you to consider. It is competent on whether, as she says, the train came to a full stop. She says she went out on to the ground, and was put back upon the steps, and after being so put back the train passed by.

"Then the testimony of Mrs. Gibney. She says, 'The train stopped, and I got off.'

"Now upon this evidence it is for you to say whether the plaintiff has proved by a fair preponderance of evidence that the train came to a full stop. If you find it is proved that the train stopped, it then becomes necessary to inquire whether the station was called, and whether it was called by any person authorized to call it. It is not material whether the station was called, unless called on the car where the deceased was, or within his hearing. For although the train had stopped, if the stop was at a place not a station, and there was no action on the part of the corporation to induce a passenger to leave the cars, any one leaving the train at such a place would cease to be a passenger.

"The testimony of Prescott is, that the station was called, 'North Beverly,' by the same voice that had called the other stations, and after that the express train dashed by. And Prescott's testimony in relation to his position in the train is to be borne in mind; that he took the car near the forward end of the train; that he started for the smoking-car, but changed his mind and entered the car near the forward end; he is not able to say whether it was the third or fourth. Mrs. Gibney says she does not know the position of the car in which she was, except that there were other cars between her car and the rear, and other cars between her and the engine which she passed by when she left. She says, 'I did not get out until I heard North Beverly called, when I got out; felt the jar of the train passing, but did not see it.' The testimony of George W. Wood is, that he was in the smoking-car; the train stopped; somebody called, 'North Beverly, North Beverly.' Frank A. Trask testified that he was in the smoker, and the station was called just as the train stopped, either at the rear end of the car or the front of the next car. He saw the express train pass.

"The burden of proof is upon the plaintiff to establish that the station was called. Unless he establishes this fact, he fails to establish the fact that he was a passenger at the time of the

injury. If you find that the plaintiff's intestate was a passenger at the time he received the injury, you will have no occasion to consider whether he was in the exercise of due diligence.

" And, in addition to the proof that the station was called, you must be satisfied, upon the whole evidence, that Mr. Merrill, when he got off the train, did not know that it was not the station. If he was acquainted with the locality, — if, from his acquaintance with the locality, he could at the time know that the announcement of the station was a mistake, that he was not at the station, — he would have no right to avail himself of the mistake of the corporation to leave the train. In determining that, you are to take into account the time of day, and whether he did know, or had reasonable cause to know, that the train was not at the station. If he knew, or had reasonable cause to know, that the train had not arrived at the station, he could not take advantage of the mistake of the corporation and leave the train. But if he was induced by agents of the corporation to believe that the station had been reached by the announcement of persons authorized by the corporation to announce, and acted upon that, then he would retain his rights as a passenger, and be entitled to protection accordingly as a passenger."

No further or other instructions were given bearing upon or in relation to the testimony excepted to, or to the point upon which the judge was requested to rule.

The jury returned a verdict for the plaintiff, on the second count of the declaration, in the sum of $2900. The defendant alleged exceptions.

*F. L. Evans*, for the defendant.

*C. P. Thompson*, (*H. P. Moulton* with him,) for the plaintiff.

W. ALLEN, J. It was not incumbent upon the plaintiff to prove that the deceased was in the exercise of due care. *Commonwealth* v. *Boston & Lowell Railroad*, 134 Mass. 211. No distinction in this respect can be made between an indictment and an action of tort, under the Pub. Sts. *c.* 112, § 212.

The witness Prescott might have noticed many things which would have been competent upon the questions whether the car stopped, and whether the station was called in the hearing of

the deceased, before the express train passed.  The question put to him, if it called for a statement of what he noticed, was broad enough to cover material and immaterial facts.  The only objection made to it — that the witness was not in the same car with the deceased — was properly overruled.  It does not appear, from the meagre report of the testimony of the witness, that the court erred in not rejecting the answer to the question.  If passengers left the car, and the door was closed after them before the express train passed, the circumstance was part of the occurrence proper to be considered by the jury upon the question whether the car had stopped.

The testimony of Mrs. Symonds was clearly competent.

The testimony of the witness Gibney was to the effect that she heard the station called, and that, after that, she got out of the car and the express train passed.  The objection is, that her testimony that she heard the station called was not competent to prove that it was called in the hearing of the deceased. In the charge, the attention of the jury was called to the evidence as to the position of the witness in relation to the car in which the deceased was, and they were instructed, on this question, that it was immaterial whether the station was called, unless it was called on the car where the deceased was, or in his hearing.  We think this was sufficiently guarded.  The evidence was competent upon the question whether the train stopped, and the jury were required to disregard it upon the other question, unless they found that it was within the hearing of the deceased.                    *Exceptions overruled.*