NANCY J. JONES, administratrix, *vs.* BOSTON AND NORTHERN
STREET RAILWAY COMPANY.

Essex.    January 13, 1910. — February 23, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Negligence.    Street Railway.    Carrier,* Of passengers.

In an action by an administrator against a street railway corporation under St. 1907, c. 392, for causing the death of the plaintiff's intestate while a passenger on a car of the defendant by reason of the negligence of a servant of the defendant, evidence offered by the defendant, to show that at the time of the accident the intestate was riding on the front platform of the car where printed notices were posted stating that passengers riding on the front platform did so at their own risk and that the intestate knew of the existence of these notices and had discussed their effect with the motorman, is not admissible, any lack of due care on the part of the intestate being immaterial, and the evidence having no tendency to show that the intestate was not a passenger and having no bearing on the degree of culpability of the defendant affecting the assessment of damages.

The provisions of St. 1907, c. 392, which impose a fine and civil liability upon a corporation operating a street railway for causing the death of a passenger by reason of the unfitness or negligence of its agents or servants while engaged in its business, are penal in their character and this liability of the corporation is not affected by the question whether the passenger was in the exercise of due care.

HAMMOND, J.    This was an action of tort under St. 1907, c. 392, to recover damages for the death of the plaintiff's intestate while riding as a passenger in one of the defendant's cars, the accident causing the death being due to the negligence of a servant of the defendant.

At the trial the defendant offered to show by the testimony of the motorman of the car that during the twelve years in which he had operated a car upon the defendant's line, the intestate had been a constant patron of the defendant; that he rode almost every day; that he always rode upon the front platform even when there was plenty of room inside the car; that for more than a year before the accident there had been in the defendant's cars, including the car on which the intestate was riding, upon either side of the middle window in front of the vestibule and upon either side of the door opening from the vestibule into the car, printed notices of the following tenor, " Passengers riding on the front platform do so at their own

risk "; that shortly after the posting of these notices the intestate discussed them with the witness, saying, " They don't amount to much anyway," to which the witness replied, " I suppose the road would not have put them up unless it thought they amounted to something." The defendant produced parts of the car on which the intestate was riding, showing these notices and offered them in evidence.

The judge * ruled that the evidence offered was incompetent and immaterial and excluded it; to which ruling the defendant excepted.

The only question is whether the evidence was admissible. It was not admissible upon the question of the due care of the intestate because the lack of due care on his part was not material, the statute being of a penal nature. *Commonwealth* v. *Boston & Lowell Railroad,* 134 Mass. 211. *Merrill* v. *Eastern Railroad,* 139 Mass. 252. *Hudson* v. *Lynn & Boston Railroad,* 185 Mass. 510. Nor was it admissible to prove the terms of the contract of carriage. It had no tendency to prove that the intestate was not a passenger. The defendant could not by a contract made in advance exempt itself from the penalties of the statute. *Commonwealth* v. *Vermont & Massachusetts Railroad,* 108 Mass. 7. *Doyle* v. *Fitchburg Railroad,* 162 Mass. 66, 71. See also *Hudson* v. *Lynn & Boston Railroad, ubi supra,* and cases cited.

Nor was it admissible upon the question of the degree of culpability. It had no bearing as to any physical circumstance to which the accident was in any part due nor upon the degree of care due from the defendant.

*Exceptions overruled.*

The case was submitted on briefs.

*J. P. Sweeney & L. S. Cox,* for the defendant.

*W. H. Niles & H. R. Mayo,* for the plaintiff.

---

\* *Fox,* J.