BOOTT MILLS *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.     March 2, 1914. — October 22, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, SHELDON,
DE COURCY, & CROSBY, JJ.

*Negligence,* Employer's liability, Causing death.  *Joint Tortfeasors.*

The damages recoverable from an employer under the provisions of the employers' liability act contained in St. 1909, c. 514, §§ 128–131, for causing the death of an employee are punitive and not compensatory in character, being required to "be assessed with reference to the degree of culpability of the employer or of the person for whose negligence the employer is liable," and consequently an employer, who has incurred the punishment of paying the amount of a judgment against him for causing the death of an employee, cannot recover the whole or any part of the damages thus paid by him from another person who contributed to the wrongful conduct on which the judgment was founded; because the amount which the employer paid was the proportion assessable to his own wrong and nothing more.

In the present case the principle stated above was applied to an action by a mill corporation against a railroad corporation to recover the amount of a judgment paid by the plaintiff for causing the death of an employee by reason of a defect in a coal car that had been delivered to the plaintiff by the defendant in a defective condition.

The exception, to the rule that there can be no contribution between joint tortfeasors, which permits a recovery where the plaintiff acted in good faith and did not participate in the defendant's wrongful conduct, does not apply to an action by a mill corporation against a railroad corporation to recover the amount awarded for conscious suffering in a judgment paid by the plaintiff in an action against him under St. 1909, c. 514, § 128, for alleged negligence that caused conscious suffering of an employee preceding his death, in which damages were awarded for the death as well as for the conscious suffering; because under the statute there could have been no recovery against the plaintiff of substantial damages for the death unless there had been some degree of direct culpability on his part.

RUGG, C. J.  This is an action in tort or contract which comes before us on report from a judge of the Superior Court,* who overruled the defendant's demurrer to the plaintiff's declaration.

The first count in the declaration alleges in substance that the defendant, a railroad corporation, negligently delivered a loaded coal car owned by it to the plaintiff, a cotton manufacturer,

---

* *Fessenden,* J.

knowing that the plaintiff in the ordinary course of its business would move the car by horses on tracks upon its premises, there unload and return it to the defendant; that the car was in a defective condition, whereby, while the plaintiff was causing the car to be moved with due care, one of its employees was injured, whose administrator recovered and collected a judgment against it for his conscious suffering, due notice of that action having been given to the defendant. The third count, which is in contract, sets forth the same facts with an averment that the defendant impliedly represented and agreed that the car was safe to be moved and unloaded in the manner undertaken by the plaintiff.

Counts 2 and 4 of the declaration aver in substance that by reason of the same negligent conduct of the defendant the plaintiff has been compelled to pay a judgment recovered against it by the administrator of its employee for his death by virtue of St. 1909, c. 514, §§ 128–131.

1. Counts 2 and 4 are dealt with first. They relate to recovery for death under the employers' liability act. According to its provisions, when an injury due to the tortious conduct of the employer or those for whom he is responsible results in the death of an employee, damages in a sum not less than $500 nor more than $5,000 to "be assessed with reference to the degree of culpability of the employer or of the person for whose negligence the employer is liable" may be recovered against the employer. So far as damages are recovered for death under this statute, they are to be paid to the widow, if there is one; if there is none, to the employee's next of kin.

The action between the administrator of the deceased employee and the plaintiff was before this court in *D'Almeida* v. *Boott Mills*, 209 Mass. 81. It there appears that the administrator brought two actions, one against the plaintiff, in part to recover for the death of his intestate under St. 1909, c. 514, §§ 128–131, wherein damages for $3,300 were awarded, and another action against the present defendant under St. 1906, c. 463, Part 1, § 63, as amended by St. 1907, c. 392, wherein damages for $6,300 were recovered. The latter statute permits recovery for the death of any person not an employee caused by the negligence of a railroad or street railway corporation, or the unfitness or negligence of its servants engaged in its business, to an amount not less than $500 nor more

than $10,000, also to "be assessed with reference to the degree of culpability of the corporation or its servants or agents."

The nature of the liability imposed upon the plaintiff by the judgment recovered against it for $3,300, based upon its negligence in causing the death of its employee, must be considered.

With the exception of the workmen's compensation act, St. 1911, c. 751, which has no bearing upon the questions here presented and which is to be considered as excluded from this discussion, the remedy provided by our statutes imposing liability for negligently causing the death of a human being uniformly, from the earliest instance, has been punitive in nature. Either by necessary implication or express terms in all such statutes the amount to be recovered has been proportioned to the degree of blame of the wrongdoer. None of these statutes has made the amount of damages recoverable compensatory in their character. Damages have not been and could not be assessed under the statutes with reference to the injuries suffered by the persons to whom they are paid, but solely with reference to the degree of culpability of the guilty party in causing the death. The greater the fault the greater has been the sum recovered. That appears from the detailed examination of our statutes in *Hudson* v. *Lynn & Boston Railroad,* 185 Mass. 510. The point was decided expressly in that case, with ample reference to all the statutes and a comparison with the English death statute known as Lord Campbell's act and others following it in many States of the Union, and a review of all our cases. That was an inevitable conclusion from the tenor of our statutes and of our earlier decisions. Under this form of statute manifest advantages accrue to the widow and next of kin of the person whose life is lost over those afforded by statutes of which Lord Campbell's act is the type. The wrongdoer is punished according to his guilt, and that which is in substance a fine proportioned to that guilt is paid to the person or persons, or some of them, who have suffered by reason of the death and thus to whom the injury has been done. The conduct of the deceased, in case he is a passenger upon any common carrier, whether negligent or otherwise, has nothing to do with the matter. Under all the statutes the deceased has no control over such an action, even though he survives the injury for a considerable time in the full possession of his

faculties.   The cause of action does not arise until his death. *Bowes* v. *Boston,* 155 Mass. 344, 349.   *Merrill* v. *Eastern Railroad,* 139 Mass. 252, 257.   *Church* v. *Boylston & Woodbury Cafe Co. ante,* 231.

A reference to a few other of our cases makes plain the point. It was said in *Carey* v. *Berkshire Railroad,* 1 Cush. 475, 480, respecting the railroad statute, that the penalty "is doubtless to be greater or smaller, within the prescribed maximum and minimum, according to the degree of blame which attaches to the defendants, and not according to the loss sustained by the widow and heirs of the deceased." This language has been quoted or referred to with approval, or the principle followed, in many subsequent cases: *Commonwealth* v. *Boston & Lowell Railroad,* 134 Mass. 211, 213; *Commonwealth* v. *Eastern Railroad,* 5 Gray, 473; *Kelley* v. *Boston & Maine Railroad,* 135 Mass. 448; *Littlejohn* v. *Fitchburg Railroad,* 148 Mass. 478; *Commonwealth* v. *Boston & Albany Railroad,* 121 Mass. 36; *Merrill* v. *Eastern Railroad,* 139 Mass. 252; *Cripps's Case,* 216 Mass. 586, 588, 589; *Wiemert* v. *Boston Elevated Railway,* 216 Mass. 598, 602.   In *Doyle* v. *Fitchburg Railroad,* 162 Mass. 66, 71, it was said respecting a kindred statute where substantially the same language was used, that the remedy "is in substance a penalty;" and in *Littlejohn* v. *Fitchburg Railroad,* 148 Mass. 478, 482, that it was "penal in its character;" in *Jones* v. *Boston & Northern Street Railway,* 205 Mass. 108, 109, as being "of a penal nature;" in *Renaud* v. *New York, New Haven, & Hartford Railroad,* 210 Mass. 553, 557, it was referred to as "a penal statute to punish the railroad for causing through negligence the death of a passenger." In *Brown* v. *Thayer,* 212 Mass. 392, 399, it was said, "The statute may be designated as remedial for the reason that a remedy is provided where before its enactment none existed. But the damages assessed are distinctly grounded upon the defendant's culpable misconduct and are diminished or enhanced according to the degree of his delinquency."

The conclusion that the death statutes are punitive and not compensatory in nature is founded in large part upon the words now employed in all such statutes, that the amount of damages which may be recovered are to "be assessed with reference to the degree of culpability of the" person liable.   See as to death occa-

sioned by defective highways, R. L. c. 51, § 17; by negligence of common carriers other than railroads and street railways, R. L. c. 70, § 6; by negligence of railroads and street railways, St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, and by St. 1912, c. 354; by negligence of others not employers, R. L. c. 171, § 2, as amended by St. 1907, c. 375 (hereinafter referred to as the general death statute); and by employers, St. 1909, c. 514, §§ 128–131. The damages awarded by the first three of these statutes were recoverable only by .indictment previous to St. 1881, c. 199 (except as to street railways, which was changed by St. 1886, c. 140). These two statutes last cited gave an option to proceed by an action of tort as well as by an indictment in cases against railroads and street railways, *Hudson* v. *Lynn & Boston Railroad,* 185 Mass. 510, 515, but abolished the remedy by indictment as to death caused by other common carriers and through defective highways. The damages awarded by the last two of these statutes, namely, for death occasioned by an employer (see St. 1887, c. 270, § 3) and by all others not otherwise made liable (see Sts. 1897, c. 416; 1898, c. 565), never have been recoverable by indictment. But these statutes always have required the amount recoverable to be assessed "with reference to the degree of culpability" of the person liable, or his servants or agents, which are the same words used in all the other death statutes. These are the decisive words. They stamp the character of the damages awarded as punitive rather than compensatory. The use of these words puts all these statutes in the same class and renders them harmonious and consistent. Remedy by civil action at present is given by all the death statutes and is almost always, if not universally, resorted to; while the concurrent relief by indictment now survives only as to railroads and street railways. It would be an awkward and incoherent conclusion to say that the damages recoverable by action under the death statutes as to highways, railroads, street railways and other common carriers are not compensatory, but are punitive (as has been decided expressly many times), and to say that the death statute as to employers and all persons not otherwise expressly provided for are compensatory and are not punitive, when the important words of all the statutes are identical. The cause of action in all the statutes is the same, namely, the death of a human being caused

by negligence. The amount of damages recoverable under all the statutes is to be assessed in exactly the same way. The sum recovered under all the statutes is paid, not for the benefit of the estate of the deceased, but to some of his family. That the general death statute, R. L. c. 171, § 2, as amended by St. 1907, c. 375, is a punitive statute seems to be settled by *Brown* v. *Thayer,* 212 Mass. 392, where it was said that that "statute . . . recognizes the punitive nature of the civil remedy by requiring the assessment of damages to be 'with reference to the degree of . . . culpability.'"

The death section of the employers' liability act has been adverted to by the court in several cases. As a ground of decision in *Mulhall* v. *Fallon,* 176 Mass. 266, at page 269, it was said by Chief Justice Holmes, "Whether the action is to be brought by them [the widow or next of kin] or by the administrator, the sum to be recovered is to be assessed with reference to the degree of culpability of the employer or negligent person. In other words, it is primarily a penalty for the protection of the life of a workman in this State." In *Hudson* v. *Lynn & Boston Railroad,* 185 Mass. 510, at page 514, occur these words: "The system of imposing a punishment for wrongfully causing death in place of giving to the family of the deceased an action for compensation has been adhered to and extended since the decision in *Carey* v. *Berkshire Railroad,* when it applied only to travellers on defective highways and to passengers of common carriers. . . . It will be plain, from what is said hereafter, that the employers' liability act, in what is now R. L. c. 106, § 73, which was taken from the English act following Lord Campbell's act, is so far modified by § 74, in spite of what is now § 72, as to be a part of this system." In *Cripps's Case,* 216 Mass. 586, at page 589, it was stated, with reference to the death sections of the employers' liability act now under discussion, "But the amount recovered has been held to be in substance a penalty." These decisions show that from the first the employers' liability act has been recognized as belonging to the class of penalty statutes as much as St. 1906, c. 463, Part I, § 63, as to deaths caused by railroads and street railways, where the remedy by indictment given at first always has been retained. They rest on the solid foundation that where damages are not compensatory, but are assessed wholly with reference to the

degree of the culpability of the wrongdoer, they are imposed as a punishment. Under these circumstances, it must be held that the statutes are the same in the general characteristic of being punitive rather than compensatory.

The ground upon which liability may be established varies under the different statutes and has varied from time to time under the same statute. Where the life of a passenger upon a railroad, street railway or other common carrier is lost through the latter's negligence, the plaintiff need not show that the deceased was in the exercise of due care. Where death occurs at a grade crossing through collision with the engine or cars of a railroad company, and the required statutory signals have not been given, recovery may be had, unless it is shown affirmatively that the gross or wilful negligence of the deceased or his violation of law contributed to the death. *Brooks* v. *Fitchburg & Leominster Street Railway,* 200 Mass. 8, 14, 16. In an action to recover for death occasioned to others than passengers by a railroad or a street railway, the burden of showing that the deceased actively and actually exercised due care has been held to rest on the plaintiff. *Hudson* v. *Lynn & Boston Railroad,* 185 Mass. 510, 521. The other death statutes, except R. L. c. 51, § 17, expressly require that the person killed should have been in the exercise of due care. In several of the statutes recovery was predicated up to 1907 on the gross negligence of the servants or agents of the corporation causing the death, although since that year proof of negligence alone has been enough. The amount which may be recovered and the persons to whom or for whose benefit it is payable varies under the different statutes. Formerly indictment alone was available under three of the statutes. Indictment as a means of punishment is not available to the individual as matter of right, but is dependent upon the action of the grand jury, and the rules of the criminal law prevail as to degree of proof and other matters of procedure. *Kelley* v. *Boston & Maine Railroad,* 135 Mass. 448. If an action of tort be brought, then in these respects the proceedings are governed by the rules applicable to civil causes. *Grella* v. *Lewis Wharf Co.* 211 Mass. 54, 58. At present, as has been pointed out, indictment survives only as an alternative remedy in two of the death statutes. But in all these different instances, whatever may be the procedure, and whatever may be the elements required to

establish a case on the part of the plaintiff, and however heavy or light may be the burden of proof resting upon him, when once his case is established, the amount of damages to be recovered, which is another way of describing the punishment to be meted out to the defendant, must be ascertained in the same uniform way. It always is determined with reference to the degree of his culpability. In effect it is a punishment by the imposition of that which in substance is a fine and not the payment of a simple civil obligation. Under statutes where the relief afforded was by indictment alone, it is easy to see that the money received by the family of the deceased was a gratuity from the government derived from the fine imposed upon the one negligently causing the death. In this Commonwealth there is no such thing known to the common law as the recovery of punitive damages in addition to compensatory damages. *Ellis* v. *Brockton Publishing Co.* 198 Mass. 538. It is only by express statute that such damages may be awarded. But, although the employers' liability act is unusual in combining in one statute and by one action the recovery of damages for conscious suffering which are compensatory, and damages for death which is to be assessed with reference to the degree of culpability of the wrongdoer, and in making the establishment of the plaintiff's case upon each branch dependent upon ordinary liability of the employer as fixed by the act, yet there is no difficulty in separating these two elements and holding the one to be compensatory and the other to be punitive. In an action for death under the employers' liability act, the degree and elements of proof resting upon the plaintiff are those fixed by that statute, but the amount to be paid by the defendant is found by the application of the rule phrased in words identical to all death statutes. When the Legislature has used these same words in so many different statutes, the conclusion hardly can be escaped that it used them with the same purpose and intent and as expressive of the same policy. This conclusion gains added force in view of the numerous decisions to which reference has been made, where the court had interpreted those words and defined their scope and meaning.

Therefore, it is of little, if any, consequence that the word "compensation" happens to have been used in the original enactment of the employers' liability act, St. 1887, c. 270, § 3. The

word "damages" was substituted for it in R. L. c. 106, § 74, and subsequent re-enactments. The decisive words which determine the character of the relief afforded as being punitive and in harmony with all other statutes upon the subject are those which require the amount for which recovery may be had to "be assessed with reference to the degree of culpability of the employer."

This conclusion is re-enforced by the consideration that the maximum amount of damages recoverable under St. 1909, c. 514, §§ 128–131 (under which the plaintiff has been found liable to the original plaintiff) is only $5,000, payable to the widow of the deceased or, if there is no widow, to his dependent next of kin; while under St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392 (under which the defendant was found liable to the original plaintiff) the maximum amount of damages recoverable is $10,000, to be paid "one half thereof to the use of the widow and one half to the use of the children of the deceased; or, if there are no children, the whole to the use of the widow; or, if there is no widow, the whole to the use of the next of kin." The Legislature thus has imposed a different measure of damages upon the two classes of defendants and has provided for the distribution of the amount recovered amongst different persons.

Appropriate instructions in the action of D'Almeida against the present plaintiff would have been in substance to the effect that the wrongful conduct of the Boott Mills was the limit of its responsibility, and that if the course of business between it and the railroad company had been such that the Boott Mills as a reasonable person had a right to rely wholly upon the railroad's care and inspection of the car and to receive and use it in the limited way in which it did without any inspection on its own part, and if such conduct was justified by the knowledge which the railroad had of the method of the Boott Mills in doing its business, and if the inspection and care which the railroad ought to make of its car before delivering it to the mills, was such as warranted the mills in relying implicitly upon that care and inspection, then the Boott Mills might have been found guilty of no culpability.

The sole foundation of a verdict of $3,300 against the Boott Mills is that the jury found that sum to be the measure of the degree of culpability of the Boott Mills. The meaning of culpa-

bility as used in these statutes has been substantially settled in the cases heretofore cited and especially in *Hudson* v. *Lynn & Boston Railroad,* 185 Mass. 510. If the Boott Mills without fault on its part had been exposed to legal liability through the negligence of the railroad, no verdict for $3,300 against it could have been recovered. The liability of the mill corporation to the administrator of its employee depended upon the rules established in the employers' liability act. But the amount of damages depended solely upon the degree of culpability or guilt on the part of the mill corporation. If the Boott Mills without moral delinquency upon its own part had been exposed to this liability through the negligence of the railroad, no such verdict could have been recovered.

If, in the case at bar, the defendant gave to the plaintiff originally only the slightest reason to suppose that no inspection was needed on the part of the latter, then the fault of the latter would be very much greater than if the railroad company had given the mill company every reason to believe that no inspection was necessary. The result would be that the more careful the railroad company was to warn the mill corporation the greater would be the sum it would have to pay (if an action like the one at bar can be maintained), because the greater would be the culpability of the mill corporation. In other words, the liability of the railroad to the mill corporation would be in an inverse ratio to the care the railroad corporation showed to the mill corporation.

It is an unavoidable consequence of the proposition that the damages recovered for death under St. 1909, c. 514, §§ 128–131, are punitive and not compensatory in character that the employer, who has been punished by paying the amount of a verdict against him, cannot recover over from one who has contributed to the wrongful conduct on which that verdict was founded. The employer has been required to pay simply damages proportioned to his own wrong and nothing more. Plainly he has not been compelled to pay for the wrongful conduct of any one else for which he is in no way blameworthy. It would be almost a contradiction in terms to say that one could recover over from another a penalty to which he has been subjected for his own wrongdoing. It would be directly contrary to the theory on which recovery over is allowed in the cases discussed in the final branch of this

opinion.   The idea of a penalty or punishment excludes liability
on the part of anybody except the wrongdoer.

There is nothing contrary to this result in *D'Almeida* v. *Boott
Mills* and *D'Almeida* v. *Boston & Maine Railroad*, 209 Mass. 81.
In both those actions the plaintiff prevailed, having recovered
substantial verdicts in the Superior Court, and the cases were
brought here solely on the exceptions of each defendant.   One of
the requests for rulings presented by the Boston and Maine
Railroad was, "The Boott Mills and the Boston and Maine Rail-
road cannot be held liable on the evidence as joint tortfeasors."
Exception was taken by the Boston and Maine Railroad to the
denial of that request and to "that part of the charge in which the
jury were instructed that they could find against both defendants."
Plainly the plaintiff could have maintained his action against each
of the defendants in those cases.   In the sense that the Boott Mills
and the Boston and Maine Railroad each contributed to a wrong
to the plaintiff, it might be that such participation constituted a
joint tort.   But the question did not arise in those cases whether a
joint action could have been maintained for the recovery of the
penalty to which each defendant was liable for participating in
the wrong which caused the death.   That question arose in *Brown*
v. *Thayer*, 212 Mass. 392, where it was held that under such cir-
cumstances and by reason of the statutes no joint action could be
maintained.   No question arose in *D'Almeida* v. *Boott Mills* and
*D'Almeida* v. *Boston & Maine Railroad* as to satisfying judg-
ments against both defendants for the death.   It was not neces-
sary to discuss the point here raised because it was not then before
the court.   Indeed, the reference to "one satisfaction in damages,"
which occurs in that opinion, was an *obiter dictum* because that
point was not before the court.   Whether it was correct is not now
before the court.   If it is inconsistent with the reasoning of the
present opinion, to that extent it is not followed.

It is not necessary to decide whether this kind of action is penal
in the international sense, as are cases where the Commonwealth
alone institutes and prosecutes an action and receives the benefit
of the fine.   See *Huntington* v. *Attrill*, 146 U. S. 657; *Boston &
Maine Railroad* v. *Hurd*, 108 Fed. Rep. 116; *Cristilly* v. *Warner*,
87 Conn. 461, 466.   That point is left open.

The general principle of law is too well settled to require an

extensive citation of authorities, that one of several wrongdoers cannot recover either proportionally or wholly from another wrongdoer, although he may have been compelled to pay all the damages for the wrong done. *Union Stock Yards Co.* v. *Chicago, Burlington & Quincy Railroad,* 196 U. S. 217, 224. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 217. *Old Colony Street Railway* v. *Brockton & Plymouth Street Railway, ante,* 84.

The exception to this rule established by *Lowell* v. *Boston & Lowell Railroad,* 23 Pick. 24, *Gray* v. *Boston Gas Light Co.* 114 Mass. 149, and *Boston Woven Hose & Rubber Co.* v. *Kendall,* 178 Mass. 232, permits recovery over where the tortfeasor seeking contribution from another tortfeasor as between the two is free from moral delinquency, and where damages have been assessed with reference to the injuries done to the original plaintiff by the wrong to which all the joint wrongdoers have contributed. That is a plain and simple exception to a general rule. It is easily understood and applied. To extend the exception to cases where the greater the culpability of the delinquent seeking contribution, the greater is the sum the codelinquent shall be compelled to pay, and where the degree of culpability of the former may be in inverse ratio to the culpability of the latter, would go far toward breaking down the rule and finds no justification in any sound principle of law and would lead to many cases of manifest injustice.

2. The plaintiff also seeks to recover under its counts 1 and 3 for the damages paid to the administrator of its employee for conscious suffering, which were assessed by the jury in the sum of $200. It is alleged in its declaration that the actions mentioned in each of the four counts was the same, and a copy of the plaintiff's declaration in the original action against the present plaintiff is annexed to the present declaration. It contains three counts; the first two being under the employers' liability act for "death and conscious suffering, and the third at common law for conscious suffering only." It is alleged in the declaration in the present action that "The verdict of the jury rendered therein was as follows: 'December 21, 1910. Verdict for plaintiff for $3,500, of which amount $3,300 is for death and $200 is for conscious suffering.'" The demurrer sets up the point that recovery by

the original plaintiff against the present plaintiff, being under a penal statute, there can be no recovery over.

The plaintiff relies upon the well recognized exception to the general rule that there can be no contribution between joint tortfeasors, to the effect that a plaintiff may recover over against other joint tortfeasors, where, although he has been negligent as to third persons in failing to perform a duty cast on him by law, he nevertheless has acted in good faith and has not participated in any wrongful conduct, has shown all the caution which the defendant had a right to expect of him, and has relied upon the defendant to perform his active legal duty of due care, whose decisive and definite act of failure in this respect has exposed the plaintiff to liability to a third person arising from inference of law, without moral guilt on the plaintiff's part and without his sharing in the wrongful cause of the injury. It relies upon this branch of the case on *Jacobs* v. *Pollard,* 10 Cush. 287, 289, *Lowell* v. *Boston & Lowell Railroad,* 23 Pick. 24, 32, *Gray* v. *Boston Gas Light Co.* 114 Mass. 149, *Boston Woven Hose & Rubber Co.* v. *Kendall,* 178 Mass. 232. It is manifest, however, from the allegations of the plaintiff's declaration, that this principle cannot apply, because judgment has been recovered against it for causing the death of its employee, which could only have been assessed in the substantial amount alleged by reason of some degree of direct culpability on its part. For the reasons pointed out in the earlier part of this opinion, such a verdict for that cause could not have been recovered against the plaintiff if, as between it and the present defendant, it was free from any wrongdoing. It follows that the principle which the plaintiff invokes as the ground of its right to recover has no application to the facts disclosed by its declaration.

In the opinion of a majority of the court the entry under the terms of the report must be

*Judgment for the defendant.*

The case was argued at the bar in March, 1914, before *Rugg,* C. J., *Loring, Braley, Sheldon, & Crosby,* JJ., and afterwards was submitted on briefs to all the justices.

*F. N. Wier,* (*J. M. O'Donoghue* with him,) for the defendant.
*F. E. Dunbar,* (*A. C. Spalding* with him,) for the plaintiff.