RAFFELLA MANNA *vs.* DIEBOLD INC.

Worcester. September 22, 1958. — October 2, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Evidence*, Matter of conjecture, Of identity.

In an action for injuries sustained in a fall by the plaintiff while crossing a street when she slipped on a piece of rope similar to rope used to mark off an enclosure in which unloading operations were being conducted, the evidence left it conjectural whether the defendant had any relation whatsoever to the rope surrounding the enclosure or to such operations, and the plaintiff could not recover.

TORT. Writ in the Superior Court dated May 27, 1955. The action was tried before *O'Brien*, J.

*Robert C. Milton*, for the defendant.

*Joseph A. Aspero*, for the plaintiff, submitted a brief.

CUTTER, J. The plaintiff obtained a verdict in her action to recover damages for personal injuries suffered by her when she fell crossing Main Street, Worcester, near the Worcester County Trust Company where at least one truck was standing within a roped off enclosure. The bill of exceptions presents the question whether the trial judge correctly denied the defendant's motion for a directed verdict.

There was evidence from which it could have been found that the plaintiff slipped on a piece of rope "brown and . . . about ¾ inch thick" similar to the rope used to mark off

the enclosure. The testimony summarized in the bill of exceptions did not indicate that the sole defendant, Diebold Inc., had any relation whatsoever to the rope surrounding the enclosure or to any operations being conducted within it. The testimony describing these operations showed that one Diebold Safe Company was the subcontractor which had supplied a safe for Worcester County Trust Company and that, on the day of the accident, one J. W. Bishop Company, a general contractor, was doing work involving the trust company, in which, beside employees of the J. W. Bishop Co. "on the job that day," two trucks, a foreman, and eight men were engaged in "unloading plates" made of metal. The plates were "too heavy to carry" and "they had some kind of a jack hoist." The relationship, if any, · of Diebold Safe Company to Diebold Inc. is not apparent from the bill of exceptions, which refers to no testimony showing whose employees were doing the unloading work within the roped off enclosure, or the ownership of the trucks involved in the operation, or any connection between such employees and trucks and the defendant, Diebold Inc. The most definite testimony about the employees was that they "belonged to the trucking firm who brought the safe," but the witness did not know the name of the firm. There was no evidence here, to warrant an inference that a particular defendant had some connection with an injury, comparable to that considered in cases like *Murphy* v. *Fred T. Ley & Co. Inc.* 210 Mass. 371, *D'Addio* v. *Hinckley Rendering Co.* 213 Mass. 465, 466, 469, *Heywood* v. *Ogasapian,* 224 Mass. 203, 205–206, and *Gallagher* v. *R. E. Cunniff, Inc.* 314 Mass. 7, 9. See, however, *Cochrane* v. *Great Atlantic & Pacific Tea Co.* 281 Mass. 386, 391.

A verdict for the defendant should have been directed. Upon this record to find any connection between this defendant and the plaintiff's injuries would be sheer conjecture. *Burwick* v. *McClure,* 318 Mass. 626, 630. See *Marcus* v. *Griggs, Inc.* 334 Mass. 139, 143.

*Exceptions sustained.*
*Judgment for the defendant.*