WILLIAM C. KNOX *vs.* DONALD LAMOUREAUX.

Bristol.   November 3, 1958. — December 3, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& CUTTER, JJ.

*Negligence*, Motor vehicle. *Evidence*, Matter of conjecture.

Evidence, in an action for personal injuries sustained by the plaintiff when
the automobile he was operating collided with a telephone pole three
feet off the left side of the traveled portion of a street after he had
attempted to pass on the left an automobile traveling in the same
direction operated by the defendant and there had been a contact
between the two automobiles although there was plenty of room for
the plaintiff to pass, left the cause of the accident a matter of conjec-
ture and the trial judge erred in denying the defendant's motion for a
directed verdict.

TORT.   Writ in the Fourth District Court of Bristol dated
April 14, 1956.

Upon removal to the Superior Court, the action was tried
before *Callan, J.,* a District Court judge sitting under statu-
tory authority.

*Francis D. Mone,* for the defendant.

*Ernest L. White, Jr.,* for the plaintiff.

SPALDING, J.   The question for decision in this action of
tort is whether the judge erred in denying the defendant's
motion for a directed verdict.

The jury could have found the following: Late in the
evening of January 6, 1956, the plaintiff and the defendant
while at a dance club in Norton got into an argument over
a girl and, as a fight appeared imminent, the defendant was
asked to leave, and did so.   Outside of the club, and else-
where, the plaintiff and the defendant engaged in further
encounters, both physical and verbal, over the girl.   Finally,
the defendant made off in his automobile with the girl and
the plaintiff followed in his automobile in order to catch up

with the defendant, who had entered Cocasset Street.  After traveling along Cocasset Street for "better than a mile," the plaintiff observed the defendant's automobile for the first time "traveling on its right hand side" of the road.  The plaintiff's speed at this point was "forty to fifty miles per hour, maybe better."  The plaintiff came up to within twenty feet of the defendant's automobile at the end of an "S" curve.  At the "beginning of the straight stretch of road, at the end of the curve, the plaintiff pulled over to his left of the road, and blinked his lights, and started to pass." The defendant's automobile, "then being operated in the center of the road, speeded up and pulled to the defendant's right, the plaintiff having plenty of room to pass."  The plaintiff "continued straight ahead on the left side of the road, and the defendant continued straight ahead in the middle of the road until the plaintiff lost sight of him." "[M]ost of [the] defendant's automobile . . . [was] on its own right side of the road."  The plaintiff did not "observe the defendant doing anything except driving straight ahead." When the plaintiff's "right front fender drew abreast of the rear of the defendant's left rear fender, and 'there was a distance of twenty-five feet between the two cars' the plaintiff felt a bump and the next thing he knew 'he awoke in the hospital.'"  The "left rear of the defendant's car and the right front of [the] plaintiff's car had come in contact."

A police officer testified that after the accident he "observed the left front of [the] plaintiff's car in contact with a telephone pole situated . . . off [and to the left of [1]] the traveled portion of the way."  He found no skid marks on the roadway but he observed "a mark" parallel to the roadway and six to eight inches off to the side which "stopped one and one half feet to two feet to the rear of [the] plaintiff's car."

On cross-examination the plaintiff admitted that he was following the defendant's automobile "intending to stop him and have a fight with him."

---

[1] This appears from photographs taken after the accident which are before us.

The defendant testified that he first observed the plaintiff's automobile on Cocasset Street when it was two hundred to three hundred feet behind him; that he (the defendant) at that time was going thirty-five to forty miles per hour and was traveling on the right side of the road. "He moved the left wheel of his car slightly to the left of the center of the road, and continued in this position for one hundred fifty to two hundred feet when he felt a bump." Prior to "feeling the bump he had accelerated his car when [the] plaintiff's car was ten to twenty feet to the rear of his vehicle." The plaintiff's automobile was under the defendant's observation until it was four to five feet to the rear of, and slightly more to the left side of the road than, the defendant's automobile. The defendant left the scene of the accident without stopping.

A plaintiff is not required to exclude every possible cause for his injuries other than the negligence of the defendant. It is sufficient to show that there was a greater likelihood that the accident was caused by the defendant's negligence than from some other cause. *Rocha* v. *Alber,* 302 Mass. 155, 157–158. *Sargent* v. *Massachusetts Acc. Co.* 307 Mass. 246, 250–251. *Howard* v. *Lowell Coca-Cola Bottling Co.* 322 Mass. 456. But it is equally well settled that a verdict must rest on something more than surmise or conjecture. In this case the evidence left the cause of the accident to conjecture. *Helie* v. *Goldstein, ante,* 22, and cases cited. The entire evidence with regard to the impact of the two vehicles, considered in the light most favorable to the plaintiff, merely showed that the plaintiff started to pass the defendant at the beginning of a straight stretch of road; that the plaintiff, traveling at a higher speed than the defendant, "pulled over to his left"; that the plaintiff had plenty of room to pass; that the defendant continued straight ahead in the middle of the road until the plaintiff lost sight of him; that there was a contact between the right front of the plaintiff's automobile and the left rear of the defendant's automobile; and that the left front of the plaintiff's vehicle collided with a telephone pole three feet off the traveled portion of the

way. It cannot reasonably be said from this evidence that it is more probable than not that an act of the defendant caused the impact between the two vehicles rather than an act of the plaintiff. We attach no significance to the testimony of the police officer that he observed "a mark" parallel to the roadway which stopped one and one half to two feet from the rear of the plaintiff's automobile. There is no evidence that this was a tire mark or that it was made by the defendant's automobile. The total effect of the evidence in the case leaves the cause of the accident shrouded in mystery and doubt. Even if we infer that the impact was caused by some act of the defendant, there is no evidence, however slight, from which to conclude that such act was negligent. The defendant's motion for a directed verdict should have been granted.

In view of the foregoing conclusion we do not reach the question of contributory negligence.

*Exceptions sustained.*
*Judgment for the defendant.*