KENNETH P. RICHMOND *vs.* ALMA MARIE RICHMOND.

Middlesex.   November 5, 1959. — February 8, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Equity Pleading and Practice*, Master: exceptions to report, recommittal, discharge of reference, findings. *Evidence*, Of value, Matter of common knowledge.

A master dealing with the issue of the value of furniture and furnishings might properly have recourse to his own knowledge and experience in considering the evidence and determining the value. [369]

In connection with exceptions to a master's report such as would require for a determination of their merit a report of all the evidence, which was neither made nor sought, there was no error in denial of a motion to recommit to the master for a summary of the evidence pertaining to the exceptions. [370]

Denial of a motion to discharge the reference to a master was not to be reversed where no error in the denial appeared on the face of the record. [370]

BILL IN EQUITY, filed in the Superior Court with a trustee writ dated August 2, 1956.

Following a report by a master, the plaintiff appealed from an interlocutory decree by *R. Sullivan*, J., and interlocutory decrees and a final decree by *Gourdin*, J.

*Richard H. Gens*, for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

WILLIAMS, J.   This is a suit of the plaintiff to obtain an accounting by his wife, now divorced, of all wedding presents received by her, to determine his interest therein, and to procure an "equitable distribution . . . thereof." The defendant in turn has filed a counterclaim for an accounting by the plaintiff of wedding presents in his possession, for determination of her interest therein, and for an "equitable distribution" thereof. A master, to whom the case was referred under an order of reference which, in addition to

the usual provisions (see Rule 86 of the Superior Court [1954]), required him to find the subsidiary facts upon which his ultimate conclusions were based, reported as follows.

The parties were married September 10, 1955, and lived together until April 29, 1956, when they separated. The plaintiff has no legal interest in gifts received by the bride at a "bridal shower" which were presents to her and included a vacuum cleaner and two iron plant holders given to her by the plaintiff. On February 2, 1956, they bought furniture for which he paid $910 which was intended by him for their home, to be shared equally.. On April 29, 1956, the defendant was locked out of the apartment where they were living at 7 Harris Circle in Arlington and a few days later received some of her clothes and small items of household furnishings which were left for her at her mother's home. In July, 1956, in response to a telephone call she went to her former apartment and picked up more small items which the plaintiff had left there. He had continued to live in the apartment for three months after April 29 and had disposed of most of the furniture and other furnishings.

The master found "that with the furniture bought by the plaintiff and the presents received at the wedding, plus shower presents and many household articles of the defendant, the apartment at 7 Harris Circle, Arlington, was a well furnished apartment, and these furnishings had a value of at least $4,000" (paragraph 10). Among the wedding presents was $400 in cash which was received by the defendant. The value of the articles sent to the defendant's mother's home was $250. In conclusion he found that the plaintiff owes the defendant one half of the value of the furnishings less one half of the cash received by her and the value of the articles returned, or $1,550, and that the defendant owes the plaintiff nothing. The master stated, "During the course of the hearings both sides offered evidence of the value of some items of furniture and furnishings. In making my findings as to the value of the whole, I have taken into consideration this evidence presented by both

parties and have drawn on my own experience as a lawyer over the past many years, in the settlement of estates, some of which involved the disposal of furniture and furnishings of homes as in this case."

The plaintiff filed six objections to the report and a request for a summary of so much of the evidence as should enable the court to "determine" the questions of law raised by the objections. Rule 90 of the Superior Court (1954). Objections 2, 3, and 4 relate to the findings of value in paragraph 10 of the report. In 2 and 3 it is asserted that the defendant admitted that the total value of the furnishings did not exceed $3,000 and that the only evidence of their value was that it amounted to $2,200. In objection 4 it is alleged that a rug of the plaintiff's mother valued at $800 was improperly included in the finding of $4,000. These objections are dependent on unreported evidence and have no standing. *Shaw* v. *United Cape Cod Cranberry Co.* 332 Mass. 675, 678.

In objection 1 it is alleged that "the evidence received as to the value of the items set forth in paragraph number 10 . . . was incompetent and inadmissible . . . ." This appears to be an objection to all of the evidence respecting value without reference to any specific rulings. Consideration of it would require a report of all the evidence relating to the furnishings rather than summaries and no report of the evidence was requested. See *Shaw* v. *United Cape Cod Cranberry Co., supra,* p. 679.

Objection 5, that "The conclusions of the master are inconsistent with his subsidiary finding of fact," cannot be sustained. The report shows no inconsistency.

In objection 6 it is alleged that the master erred in drawing on his own experience as a lawyer. Where the value of common articles of household furnishings is at issue, manifestly it is proper for the fact finding tribunal, whether judge or jury, to have recourse to his or their own knowledge and experience in considering the evidence and determining the value of the property.

A motion to recommit the report and to order the master to append a summary of the evidence pertaining to objections 1, 2, 3, and 4 was denied and the plaintiff appealed. The plaintiff was not entitled to a recommittal for reasons heretofore stated. The denial of the motion discloses no error.

Concurrently with this appeal the plaintiff moved that the order of reference be discharged and the report be struck on the ground that it contained error and failed to "properly present issues of law." The motion was accompanied by an affidavit of counsel for the plaintiff as to testimony given by the defendant relating to the value of the furnishings. This motion was denied and the plaintiff again appealed. There is nothing on the face of the record to show error. *Minot* v. *Minot,* 319 Mass. 253, 260–261. *Macera* v. *Mancini,* 327 Mass. 616, 620–621.

Another motion was filed to recommit the report in order that the master report the "question of law which arose" as set forth in an accompanying affidavit of counsel that, in response to a question as to the value of furnishings, the defendant answered $3,000, subject to the plaintiff's exception. This motion was denied and the plaintiff appealed. For reasons already stated there was no error.

On motion of the defendant the exceptions to the report were overruled and the report confirmed. The plaintiff appealed and also appealed from a final decree dismissing the bill and ordering the plaintiff to pay on the counterclaim $1,550 to the defendant within twenty-one days.

It is apparent that the only real grievance of the plaintiff is to the findings of the master as to value. This was an issue of fact which in the absence of a report of all the evidence as to value cannot be determined by us. No attempt was made by the plaintiff to obtain such report. There was no error in overruling the exceptions, in denying the motions to recommit, and in refusing to discharge the reference to the master.

*Interlocutory decrees affirmed.*
*Final decree affirmed with costs of*
*the appeal to the defendant.*