*Southern District*
**ELI EPSTEIN**
v.
**WILLIAM H. PORTER CO., INC.**

*Present*: Nash, P. J., Cox & Murphy, JJ.
Case tried to ————, *J.* in the First District Court of Bristol (Taunton). No. 209 of 1963.

*Cox, J.* The plaintiff alleges in this action of tort that the defendant carelessly and negligently permitted water to enter the plaintiff's store causing damage to his merchandise. There was a finding for the plaintiff in the sum of $684.67. The case was reported because the defendant claims to be aggrieved by the judge's denial of its requests for rulings of law, which raise two issues:

1. Whether there was sufficient evidence to warrant a finding of negligence; and
2. Whether the defendant is shown to have been responsible for the consequences of any such negligence.

Whether the finding of negligence was warranted need not be considered for reasons which will appear.

· Only the plaintiff testified at the trial. He testified that he was the tenant of the ground floor and basement at 1 Broadway in the City of Taunton. On August 28, 1962 he noticed men working at the rear of the store pointing the brick work. They later dug a trench two and one half feet to three feet wide and two feet deep underneath a drain pipe which drained roof water to the ground at the rear of his store. The drain pipe was not connected at the bottom for it was broken. The trench exposed two feet of the rear wall of the plaintiff's store. The following morning it rained and when the plaintiff arrived at his store the trench was full of water. On entering the cellar he found six to eight inches of water covering the

cellar floor and water coming through the back wall. His merchandise was damaged. Before this incident the plaintiff had never had water in the cellar.

The plaintiff also testified that the work described was being done by the "defendant, William Porter Company". There was no other evidence reported which related to the defendant, the corporate name of which is William H. Porter Co., Inc.

The plaintiff, whose burden it was because of the defendant's general denial, has failed to show that the defendant was responsible for the acts which the plaintiff alleges were negligent and which caused the damages to his merchandise. The "bald identity of name without confirmatory facts or circumstances" is not sufficient to prove identity. "Although very slight evidence might have been enough, at least something more than identity of names was necessary." *Herman v. Fine*, 314 Mass. 67 and cases there cited. The reported evidence does not state whose employees were doing the work on wall, drain pipe or trench nor their relationship, if any, to the defendant. Neither is there any evidence reported from which it might even be inferred that the defendant had any responsibility for the work or for the men performing it. *Manna v. Diebold, Inc.*, 337 Mass. 754; *Lodge v. Congress Taxi Association, Inc.*, 340 Mass. 570, 574.

No evidence is reported which warranted the finding against the defendant. The de-

fendant's requests for rulings should have been allowed, except number 5 which was waived. Their denial was prejudicial error.

The finding for the plaintiff should be reversed and judgment ordered for the defendant.

*Footnote*: The defendant's requests for rulings which the judge denied are:

1. Upon all the evidence a finding for the defendant is required, and the defendant specifies:

    a. There is no evidence that the defendant was negligent under all the circumstances.

    b. There is no evidence that anyone for whose conduct the defendant was responsible was negligent under the circumstances.

    c. There is no evidence that the damage alleged by the plaintiff was caused by the defendant or anyone for whose conduct the defendant is responsible.

2. The evidence is insufficient to warrant a finding that the defendant was negligent.

3. The evidence is insufficient to warrant a finding that anyone for whose conduct the defendant is responsible was negligent.

4. The evidence is insufficient to warrant a finding that the damage alleged by the plaintiff was caused by the defendant or anyone for whose conduct the defendant is responsible.

Philip J. Assiran, of Taunton, for the Plaintiff.
Francis C. Reynolds, of Everett, for the Defendant.