LIBBY ROME *vs.* MARSHALL LAWSON ADAMS. June 7, 1971. This case is before us on the plaintiff's exception to the allowance of a motion for a directed verdict for the defendant in an action of tort for alleged negligence causing the plaintiff to sustain personal injuries in a fall at a food market where she was employed. The defendant had an oral agreement with the plaintiff's employer to wash and wax the store's floor. This involved applying a cleaning solution, scrubbing and vacuum drying the floor, and then applying wax to it with a string mop for normal drying without buffing. Four or five of the defendant's employees arrived at the store about 8:45 P.M. on the day the plaintiff was injured. The store closed at 9 P.M. Shortly thereafter, while there were still customers in the store making purchases, the plaintiff left her place of work at a cash register in the front part of the store and went to the rear to make a purchase. While there, and while she was in an aisle about six to eight feet wide, she stepped into what she described as "a puddle of wax that looked like wax," slipped and fell backwards to the floor. The puddle was about a foot and one half in diameter and one-half inch thick and the substance was gummy. There was a pail near by. There were no persons in the area where she fell. Shortly after the accident the assistant manager of the store went to the rear of the store and saw drippings, not otherwise identified or described, on the floor near the meat counter. There was no evidence that up to the time of the plaintiff's fall any of the defendant's employees had brought any wax into the store, had done any work in the place of the accident, or had been at or near the part of the store where the accident occurred. The plaintiff had the burden of presenting evidence which would permit an inference that some negligent act or omission by an employee of the defendant caused or contributed to the existence of the unsafe condition which in turn caused her to be injured. The evidence in its light most favorable to the plaintiff did not permit such an inference, rather it left to surmise or conjecture the connection, if any, of the defendant's employees with the unsafe condition. *Manna* v. *Diebold Inc.* 337 Mass. 754. *Helie* v. *Goldstein,* 338 Mass. 22, 24. *Knox* v. *Lamoureaux,* 338 Mass. 167, 169–170. The trial judge properly directed a verdict for the defendant.

*Exceptions overruled.*

*Francis B. Kenney* for the plaintiff.
*Charles R. Desmarais* for the defendant.