*Northern District*

No. 7514

## ROBERT E. BENEDICT, ET AL.

v.

## GLENN KENDALL

Argued: March 18, 1971. Decided: Dec. 30, 1971.

*Present:* Parker, P.J., Mason, Cowdrey, JJ.

Case tried to *Lee, J.* in the First District Court of Southern Middlesex No. 12,232.

**Cowdrey, J.** This is an action of tort in which the plaintiffs (husband and wife) seek damages resulting from a collision of automobiles on February 25, 1969. The declaration is in three counts: Count 1 being for personal injuries to the plaintiff Barbara Benedict; Count 2 being for property damage to the motor vehicle of her husband, the plaintiff Robert Benedict; and Count 3 being for consequential damages of Robert Benedict.

The defendant duly filed requests for rulings as follows:

1. The evidence does not warrant a finding other than that the defendant was not negligent.

2. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage to the Plaintiff, Barbara Benedict.

The court denied both of the defendant's requests for rulings and found for the plaintiff Barbara Benedict for $1600 on Count 1; for the plaintiff Robert Benedict for $100 property damage on Count 2; and for the defendant on Count 3, which count was for consequential damages. The trial justice also found that the

negligence of the defendant was the sole cause of the accident.

Thereafter, the defendant moved for a new trial which was denied and seasonably filed requests for rulings based thereon. We do not consider such requests in view of our disposition of the matter otherwise.

We quote verbatim from the part of the report deemed material:

"At the trial of the case, there was evidence tending to show that the plaintiff, Barbara Benedict, backed her motor vehicle out of the driveway of her house onto state highway, Route 135 in Natick, and stopped; that before she started to proceed forward, the defendant's vehicle collided with the right side of the vehicle which the plaintiff [Barbara] was operating. The plaintiff, Barbara Benedict, saw a vehicle at least 600 feet away to her right prior to the impact and "gathered" that the vehicle she then saw was the vehicle with which she was in collision.

A witness, John Boyington, who was acquainted with the plaintiffs and employed as a commercial artist, was at a gas station across the street. He saw the defendant's vehicle skid approximately 15 feet prior to the point of accident. The right side of the Benedict vehicle was in collision with the front of the defendant's vehicle."

The burden, of course, is on the plaintiff to prove that the defendant failed to exer-

cise that degree of care that the person of ordinary caution and prudence ought to exercise under the particular circumstances. *Altman* v. *Aronson,* 231 Mass. 588.

The facts developed in any particular case must be of a clear and convincing nature, and, although reasonable inferences may be drawn, no decision may be based on mere conjecture or surmise. *Knox* v. *Lamoureaux,* 338 Mass. 167. In this case the reported evidence leaves the cause of the accident entirely on a conjectural basis. We do not think, as a matter of law, that the trial justice was entitled to draw the inferences which were required to place the responsibility for the accident on the defendant.

The evidence of the plaintiff, Barbara Benedict, that she "saw a vehicle 600 feet away to her right prior to the impact and 'gathered' that the vehicle she then saw was the vehicle with which she was in collision" does not admit of sufficient definitiveness to indicate that it was the vehicle operated by the defendant.

The testimony of a witness who testified that he saw the defendant's vehicle skid approximately 15 feet prior to the point of the accident, without more, does not indicate a lack of due care on the part of the defendant. Skidding in and of itself is not evidence of negligence. *Sherwood* v. *Radovsky,* 317 Mass. 307.

There is no evidence of the speed of the defendant's vehicle or other facts which would indicate a failure on his part to exercise that

degree of care required of him under the cir-
cumstances.

Both requests for rulings submitted by the
defendant were required to be granted.

Findings for the plaintiffs on Counts 1 and 2
are to be vacated and findings for the defendant
entered on each of said Counts.

ROBERT E. LARKIN
for plaintiff.

WILLIAM GARDNER
for defendant.