RALPH NUGENT vs. POPULAR MARKETS, INC.

Hampden.    May 3, 1967. — June 28, 1967.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Sale*, Warranty, Parties. *Identity*. *Evidence*, Admitted generally. *Notice*.

At the trial of an action, a letter introduced in evidence to prove one material fact but admitted generally was evidence of another material fact stated therein. [47]

At the trial of an action for injuries to the plaintiff's mouth caused by eating boysenberries containing wood splinters, a finding that he had purchased the berries at the store of the defendant, "Popular Markets, Inc.," was warranted where there was evidence that the plaintiff had purchased them at the Popular Market at which he usually shopped for groceries, and it appeared that a letter from his counsel addressed to the defendant and containing a statement that the plaintiff had purchased the berries from the defendant's store was delivered to the defendant, was produced by it, and was admitted in evidence generally. [48]

A notice to the proprietor of a retail "self-service" store under the Uniform Commercial Code, G. L. c. 106, § 2-607 (3) (a), of breach of the warranties of fitness and of merchantability in a sale of a jar of boysenberries, which contained wood splinters causing injuries to the plaintiff's mouth when he ate the berries, was not insufficient in not stating specifically the date of the sale where it appeared that the notice disclosed the name brand of the boysenberries and stated that the plaintiff's injuries had occurred on the evening preceding the date of the letter. [46, 49–50]

CONTRACT. Writ in the District Court of Springfield dated May 19, 1964.

The action was heard by *Walsh*, J.

*Douglas R. Winniman*, for the plaintiff, submitted a brief.

*Stephen A. Moore* for the defendant.

WILKINS, C.J.  In this action of contract the plaintiff seeks to recover for injuries to his mouth caused by wood splinters in a jar of boysenberries. The declaration is in two counts, one for breach of warranty of fitness for use and one for breach of warranty of merchantability. In the

District Court there was a finding for the plaintiff on each count. The defendant claimed a report. In the Appellate Division the findings were vacated, and judgment ordered for the defendant. The plaintiff appealed.

At the trial there was evidence tending to show that the plaintiff purchased food, including the boysenberries, at the Popular Market, where he usually shopped for groceries, in the Sixteen Acres shopping center in Springfield about six o'clock in the evening of August 6, 1963, and that that evening the plaintiff suffered injury while eating the boysenberries.

The plaintiff's counsel sent the following letter:

August 7, 1963

Popular Markets, Inc.
1899 Wilbraham Road
Springfield, Mass.
Gentlemen:
On behalf of Ralph Nugent, 163 Westbrook Drive, Springfield, notice is herewith given you that on August 6, 1963 at about 9:00 p.m. Mr. Nugent suffered personal injuries when he ate Del Monte boysenberries purchased from your store which caused damage to his mouth and gums.
The above mentioned boysenberries were unfit for human consumption in that they contained a foreign object, namely wood. Mr. Nugent intends to assert his legal rights for damages.
Very truly yours,
Douglas R. Winniman

The Appellate Division held that it was error to deny the defendant's request for a ruling that the evidence did not warrant a finding that the defendant sold the plaintiff the goods described in the declaration. Its opinion stated that there was no evidence that the defendant owned or operated a market for the sale of foods at Sixteen Acres in Springfield. Reliance was placed on *Herman* v. *Fine,* 314 Mass. 67, 68–69, where it was said, "In this Commonwealth 'bald identity of name without confirmatory facts or circumstances' seems never to have been considered quite

sufficient to prove identity of person. *Ayers* v. *Ratshesky,*
213 Mass. 589, 593, 594, where the cases are discussed. . . .
Although very slight evidence might have been enough, at
least something more than identity of names was neces-
sary." The cases confirm that very slight evidence in
addition to identity of name or names might be enough
to prove identity of person. We cite a few. *Ayers* v.
*Ratshesky,* 213 Mass. 589, 593–595. *Souza* v. *Metropolitan
Life Ins. Co.* 270 Mass. 189, 192. *Vieira* v. *Balsamo,* 328
Mass. 37, 39–40.

In the case at bar there is such evidence of identity of
person. The opinion of the Appellate Division does not
mention the plaintiff's letter of August 7 to Popular Mar-
kets, Inc. The report states that the letter (not a copy)
was "introduced." The original must have been produced
by the defendant. Although it may be assumed that it was
offered to prove notice of breach of warranty, it was not
admitted for that limited purpose. Consequently, it be-
came entitled to probative effect as tending to prove the
truth of the statements it contained, including the fact that
it was at the defendant's store that the plaintiff purchased
the boysenberries. *Ryan* v. *Di Paolo,* 313 Mass. 492, 494.
*Pochi* v. *Brett,* 319 Mass. 197, 203–204.

By G. L. c. 155, § 9,[1] in effect as to the defendant at the
time of the sale, a corporation "shall not assume the name
or trade name of another corporation established under the
laws of the commonwealth, or of a corporation, firm, asso-
ciation or person carrying on business in the commonwealth
. . . or assume a name so similar thereto as to be likely
to be mistaken for it, except with the written consent of
the said existing corporation, firm or association or of
such person previously filed with the secretary [of the
Commonwealth]."

It is unlikely that there were two separate businesses in
Springfield both having "Popular Market" or "Popular
Markets" as part of their name. In *Doyle* v. *Continental*

---

[1] See now G. L. c. 156B, § 11 (a), inserted by St. 1964, c. 723, § 1, to the
same effect.

*Baking Co.* 262 Mass. 516, the plaintiff was injured by a piece of metal in a loaf of bread, the wrapper of which bore the words "Massachusetts Baking Company" and "Trade Mark Registered U. S. Pat. Off." The defendant was shown to have had the trade name "Massachusetts Baking Company" at the time the bread was sold. By Federal law no one except the defendant baking company had the right to use this name. It was held that the defendant baking company could be found to have been the seller. Similarly, in the case at bar the defendant Popular Markets, Inc. could have been found to be the seller. The fact that the letter was addressed to 1899 Wilbraham Road without disclosing a location in the Sixteen Acres shopping center, but was delivered to the defendant, is a circumstance cutting both ways. That circumstance surely is not controlling in the defendant's favor.

Since there was more than mere bald identity of name, it was error to rule that the defendant's first request for a ruling should have been granted.

The defendant further contends that the letter was not a sufficient notice of breach of warranty. It objects that the notice did not give the date of the sale. The applicable statute is the Uniform Commercial Code, G. L. c. 106, as appearing in St. 1957, c. 765, § 1, effective October 1, 1958, which superseded the previous Sales Act in G. L. c. 106. The Code provides in § 2–607: "(3) Where a tender has been accepted (a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy.".

We have seen no decision by a court of last resort discussing what is adequate notice of breach of warranty under the Code. The comment to § 2–607 (Am. Law Inst. Uniform Commercial Code, 1962 Official Text with Comments, [p. 167] reads: " 'A reasonable time' for notification from a retail consumer is to be judged by different standards [from notification by 'a merchant buyer'] so that in his case it will be extended, for the rule of requiring notification is designed to defeat commercial bad faith, not

to deprive a good faith consumer of his remedy. The content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched. There is no reason to require that the notification which saves the buyer's rights under this section must include a clear statement of all the objections that will be relied on by the buyer. . . . Nor is there reason for requiring the notification to be a claim for damages or of any threatened litigation or other resort to a remedy. The notification which saves the buyer's rights under this Article need only be such as informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation.''

As a possible aid in interpretation we consider the Sales Act, § 38 of which provided that ''if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of . . . warranty within a reasonable time . . . , the seller shall not be liable therefor.''

Section 38 prescribed neither form nor substance of the notice, but cases arising under that section have declared certain principles about notice. ''Where practicable, it should refer to particular sales and it must fairly advise the seller of the alleged defects. Although the notice need not take the form of an express claim for damages, or threat of such, it ought to be reasonably inferable therefrom that the buyer is asserting a violation of his legal rights.'' *Lieberman* v. *W. M. Gulliksen Mfg. Co.* 332 Mass. 439, 442–443.

It is manifest from the comment to the Code that the notice of breach required by § 2–607 was intended to be less rigorous than that required by § 38 of the Sales Act, at least so far as applied to a household purchaser rather than a ''merchant buyer.''

The notice was definite as to the name brand of the jar of boysenberries, and as to the time of the plaintiff's injuries which were on the evening preceding the date of the letter. It was, of course, possible to give the exact date of the pur-

chase, but we are not disposed for this reason alone to act contrary to the comment to the Code, and to deprive a good faith retail consumer of his remedy by relying on the rule requiring notification, which is designed to defeat commercial bad faith. If the content of the notification need merely alert the seller to a claim of breach and so to lead to normal settlement through negotiation, after the receipt of the letter there would have been nothing to prevent the seller from seeking further information as to the date of the transaction and any other circumstances it wished to know.

The circumstances of the sale in the case at bar do not appear in the record. But the defendant's brief contains references to "this day of self-service merchandising," and to "this age of self-service marketing." Hence it may be inferred that this was the method of sale in the case at bar. Where sale is by self-service and payment through a checkout counter, the precise date would not provide as helpful information to the seller as would the brand name of fruit in a jar. There is no indication of variations in the content of jars of Del Monte boysenberries in the possession of the defendant. See *McCabe* v. *Liggett Drug Co. Inc.* 330 Mass. 177, 179, 181–182. The defendant was a retail seller and inferentially not the manufacturer.

The orders of the Appellate Division are reversed, and judgment is to be entered for the plaintiff in accordance with the findings of the District Court.

*So ordered.*