CHARLES J. O'MALLEY *vs.* R. ZOPPO CO., INC.

Suffolk.   October 5, 1972. — November 8, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & KAPLAN, JJ.

*Trespass.   Conversion.   Identity.   Practice, Civil,* Ordering verdict.

In an action for trespass on the plaintiff's land, conversion of mate-
    rial stockpiled thereon, and cutting down of trees thereon, the evi-
    dence warranted a finding that such acts were done by the
    defendant, a company constructing public works on a strip running
    in part through the plaintiff's land. [568–569]
The question presented by a motion for a directed verdict in an action
    is not the weight of the evidence but whether there is any evidence
    viewed in the light most favorable to the plaintiff that would sup-
    port his cause of action. [569–570]

TORT.   Writ in the Superior Court dated June 16,
1967.

The action was tried before *Spring,* J.

*James M. McDonough* for the plaintiff.

*Sheldon H. Ganz* for the defendant.

KAPLAN, J.   In this action for trespass to land, conver-
sion of loam, gravel, and fill, and, under G. L. c. 242, § 7,
destruction of trees and underwood, the trial judge
granted the defendant company's motion for a directed
verdict, and the plaintiff took an exception.   The record
consists of a substitute bill of exceptions in which much
of the testimony appears in condensed paraphrase.

The defendant company had a contract with the State
and city to enclose a brook and construct drainage im-
provements in a strip running in part through the plain-
tiff's land on which the Department of Public Works
had taken an easement.   Excavation and laying of pipes
pursuant to the contract occurred during the first half of
July, 1966.   There was evidence that the depredations
complained of — chiefly the removal of a quantity of loam
and gravel stockpiled on the plaintiff's land and the cut-

ting down of a large willow tree there — had in fact been committed. The main question was whether the defendant company was involved in committing them. None of the witnesses called had actually observed anyone in the act of removing the material or felling the tree. However, there was evidence from which an inference of company connection could be drawn. There was testimony that the acts took place during the July period when the company was engaged in the construction. Thus the willow tree was there before the company came in and was gone by the time it went out. Similarly the plaintiff testified that he visited the site in early July and saw that the land had been cleared. A company purpose is indicated in the plaintiff's further testimony that the cleared land was being used for storage of pipes, gravel, cranes, and other equipment. The plaintiff did not see any equipment with the name of the company on it, but it seemed to him that "they," meaning the company, were "the only people working there." On this visit the plaintiff talked to an engineer in a trailer office who introduced him to one Zoppo. Zoppo indicated he thought the land was owned by the city of Boston, but the plaintiff said it was his; Zoppo asked, "Well, what are we doing?"; the plaintiff complained that "you have removed all my fill and loam, and I would like to have it replaced," and asked "What are you going to do about it?"; Zoppo answered, "Don't worry about it, I will take care of it." This colloquy was testified to without objection and is again suggestive of company responsibility. Compare *Gallagher* v. *R. E. Cunniff, Inc.* 314 Mass. 7, 8–9, *Kelly* v. *Railway Exp. Agency, Inc.* 315 Mass. 301, and *Nugent* v. *Popular Mkts. Inc.* 353 Mass. 45, 46–47, with *Smith* v. *Rapid Transit, Inc.* 317 Mass. 469, and *Manna* v. *Diebold Inc.* 337 Mass. 754.

We are to recall, as recently stated in *Calderone* v. *Wright*, 360 Mass. 174, quoting from *Howes* v. *Kelman*, 326 Mass. 696, 697, that "[t]he question presented by the motion [for a directed verdict] was not the weight of the evidence but whether there was any evidence viewed in

the light most favorable to the plaintiff that would support her cause of action." Such evidence was presented here. It does not matter that the defendant in its brief offers a number of possible or even plausible exculpatory explanations; these will be for the jury to consider if the defendant upon retrial adduces proof on its side. The trial judge seems momentarily to have mistaken the standard to be applied, for in his final remarks directing the jury to bring in a verdict for the defendant he said, "the plaintiff has not sustained his burden of proof by proving by a fair preponderance of the evidence the allegations in his declaration."

*Exceptions sustained.*