*Northern District*

## No. 8437

# COMMERCIAL PLASTICS AND SUPPLY CORP.
## v.
# ACE DASHER SYSTEMS, INC.

Argued: May 27, 1976. Decided: August 16, 1976.

Case tried to *Artesani, J.,* in the Fourth District Court of Eastern Middlesex. Number: 809 of 1975.

Present: Cowdrey, P.J., Forte, Bacigalupo, J.J.

**Bacigalupo, J.** In this action of contract for goods sold and delivered, the trial court found for the plaintiff in the sum of $21,346.80.

The only evidence set forth in the report, which contains all of the evidence material to the questions reported is as follows:

> "Charles Wilson testified for the plaintiff corporation as the keeper of the records of the plaintiff corporation and has personal knowledge of the records relating to the debts, credits and current standing of the account of Ace Dasher Systems, Inc. with the plaintiff corporation."

> "Reading from the records of the plaintiff corporation, Mr. Wilson testified that Ace Dasher Systems, Inc. owed to the plaintiff corporation the sum of $21,347.30 for goods sold and delivered."

The defendant offered no evidence but seasonably filed 8 requests for rulings of law and claims to be aggrieved by the court's denial of 3 of these requests.

The thrust of these requests is that a finding for the defendant was required because the plaintiff "failed to identify the defendant at the trial by more than just name and without confirmatory facts or circumstances." The court, in denying these requests, stated that "plaintiff identified defendant corporation."

The docket entries indicate that the finding for the plaintiff was entered on January 20, 1976. By virtue of *Dist./Mun. c. Rule* 58, the case went to judgment on that date. *Dist./Mun. c. Rule* 64 requires that a request for a report or a draft report must be filed within 10 days after the entry of judgment. The docket entries further indicate that the draft report was not filed until February 6, 1976, well after the expiration of the 10-day period established by *Rule* 64.

We would be justified in dismissing the report on this basis alone.

Rules of court are *strictissimi juris* and cannot be waived. *Framigletti v. Naviackas,* 324 Mass. 70 (1949); *Deacy v. First National Bank of Boston,* 49 Mass. App. Dec. 52 (1972); *Microsonics, Inc. v. Comrex Corporation,* 39 Mass. App. Dec. 229, 234 (1968).

However, because there appears to be some confusion with respect to the timely filing for a report and/or a draft report, partly the responsibility of the defendant and partly the responsibility of the office of the clerk of court, we briefly consider the case on its merits.

It has long been held in this Commonwealth that bald identity of name without confirmatory facts or circumstances is not sufficient to prove identity of

person. The cases further hold that slight evidence in addition to identity of names is sufficient to prove identity of persons. *Ayers v. Ratshesky,* 213 Mass. 589, 593-595 (1912); *Vieira v. Balsamo,* 328 Mass. 37, 39-40 (1951).

It is to be noted that in the case at bar, the defendant is a corporation. G.L. c. 156 B, §11 (a) provides that a corporation shall not assume the name or trade name of another corporation established under the laws of the Commonwealth, or of a corporation, firm, association or person carrying on business in the Commonwealth . . . or assume a name so similar thereto as to be likely to be mistaken for it, except with the written consent of the said existing corporation, firm or association, or of such person previously filed with the secretary (of the Commonwealth).

It would therefore appear highly unlikely that there were two separate corporations dealing with the plaintiff both having the name of Ace-Dasher Systems, Inc. *Nugent v. Popular Markets, Inc.,* 353 Mass. 45, 47 (1967).

We conclude that the trial court inferred from the evidence before it that the plaintiff had established the identity of the defendant as being the same as that of the corporation with whom the plaintiff did business. See also *O'Malley v. R. Zoppo Co., Inc.,* 362 Mass. 568, 569 (1972).

We therefore dismiss the report because of the failure of the appellant to file a timely request for a report, or draft report, as mandated by *Rule* 64 and on the merits under the authority of the *Nugent* and *O'Malley* cases, supra.