ROGER JENNETT *vs.* COLORADO FUEL & IRON CORP. & another; WALTER BOYKO & others, third-party defendants (and a companion case). January 11, 1980. By their actions the plaintiffs sought to recover for damages they sustained when they were thrown from a lifting beam because of a failure in one of the upper "legs" of a steel cable sling. Both plaintiffs brought actions for negligence against United Industrial Syndicated, Inc., d/b/a Portland Co. (Portland), which had entered into a contract with Stone & Webster Engineering Corporation (Stone & Webster) to construct a "stop-log structure," including the lifting beam and steel cable sling. The plain-

tiffs also sought recovery for negligence against Colorado Fuel & Iron Corp. (Colorado), which had agreed to manufacture the sling for Portland.

In each of the two actions Colorado impleaded Walter Boyko, the actual manufacturer of the sling, as a third-party defendant. (The jury found that Boyko was not negligent and that although he had breached an implied warranty of merchantability to Colorado, that breach was not a proximate cause of the injuries of either plaintiff.) Portland impleaded Sargent, Lord and Co. (no longer a party) and Stone & Webster as third-party defendants in both actions. Portland was subsequently granted leave to implead Colorado for negligence in the manufacture, servicing and inspection of the sling, as well as for breaches of both express and implied warranties that the sling was merchantable and fit for its normal intended use.

All the actions were tried together and submitted to a jury on twenty-eight special questions. In their answers the jury found that Colorado had been negligent "in its role as the supplier of [the] steel cable sling" and that such negligence had been a direct and proximate cause of the injuries sustained by the plaintiffs. The jury also found that Colorado was guilty of breaches of both the express and implied warranties and that those breaches were proximate causes of the plaintiffs' injuries.

The jury found that Portland was negligent in its role as the supplier of the stop-log structure, which included the steel cable sling, and found that its negligence had been a direct and proximate cause of the plaintiffs' injuries.

The jury also found that Stone & Webster was negligent in permitting use of the steel cable sling without evidence that the sling had been tested, and concluded that its negligence was a direct and proximate cause of the plaintiffs' injuries.

1. Colorado appeals from the denials of its motion for a new trial, its motion for a directed verdict and its two motions for judgment notwithstanding the verdict (one directed to the original plaintiffs' claims and the other directed to Portland's third-party action for breach of warranty). There was no error.

a. We agree with the trial judge that there was sufficient evidence for the jury to conclude that Colorado was negligent in failing to test the sling before delivery and that its negligence was a direct and proximate cause of the injuries sustained by the plaintiffs. See *Carter* v. *Yardley & Co.*, 319 Mass. 92, 96 (1946). See also Restatement (Second) of Torts § 400 and Comment c (1965).

b. We also agree that there was sufficient evidence to warrant a finding that Colorado breached both its express and implied warranties to Portland and that Portland gave timely notice of such breaches. See *Nugent* v. *Popular Mkts., Inc.*, 353 Mass. 45, 49 (1967). Cf. G. L. c. 106, § 2-607(3). (We have assumed that these issues are properly before us.)

c. Colorado has raised no question as to the propriety of the judge's ordering it to indemnify Portland.

d. For all that appears, Colorado's argument with regard to the allowance of Portland's third-party motion to implead it (see Mass.R.Civ. P. 14(a), 365 Mass. 760 [1974]), was not raised below, and thus that allowance cannot now be reviewed here. See *John B. Deary, Inc.* v. *Crane,* 4 Mass. App. Ct. 719, 724 (1976). In any event, it was properly within the judge's discretion to allow that motion. See 6 Wright & Miller, Federal Practice and Procedure § 1454, at 293-294 (1971).

e. Colorado did not properly raise below the questions relating to the plaintiffs' alleged contributory negligence, see Mass.R.Civ.P. 50(b) and 51(b), 365 Mass. 814 and 816 (1974), nor has the question with regard to the judge's charge been properly argued here within the meaning of Mass. R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). In any event, both questions are without merit.

2. Portland appeals from the denials of its motions for a directed verdict and for judgment notwithstanding the verdict on the grounds that it, as an intermediate distributor, had no duty to test and that even if it had such a duty and it was breached, such breach was not a proximate cause of the plaintiffs' injuries. There was no error. We agree with the reasoning and determination of the judge that even if Portland was a mere intermediate distributor (which we believe he properly concluded it was not), it had an additional duty to the plaintiffs arising out of the written contract it had entered into with Stone & Webster (acting on behalf of the owners) which specified that "[a]ll materials, supplies and parts and assemblies thereof entering into the work . . . shall be tested" before delivering it to the customer. Portland's contractual duty (which it breached) to test the sling or have it tested ran to all foreseeable plaintiffs (see *Banaghan* v. *Dewey,* 340 Mass. 73, 80 [1959], and cases cited), and accordingly, the jury were warranted in finding that its negligence was a proximate cause of the plaintiffs' injuries. See *Bulpett* v. *Dodge Associates,* 5 Mass. App. Ct. 593, 598 (1977).

3. Portland and Colorado appeal from the denial of their separate motions for a new trial on the issue of damages with regard to the plaintiff Morris. (Stone & Webster does not argue that issue here.) See *Bartley* v. *Phillips,* 317 Mass. 35, 40-44 (1944). After careful and detailed analysis the judge found that the jury's verdict was not excessive. As we are unable to say that "the act of the judge in permitting [that award] to stand was an abuse of discretion constituting error of law," *id.* at 44, the verdict will not be disturbed. See *Hartmann* v. *Boston Herald-Traveler Corp.,* 323 Mass. 56, 61 (1948).

4. Stone & Webster appeals from the denial of its motion for a directed verdict (and its postverdict motion to the same effect), primarily on the ground that it is not guilty of any negligence. We cannot agree.

See *Sieracki* v. *Seas Shipping Co.*, 149 F.2d 98, 100 (3d Cir. 1945), aff'd, 328 U.S. 85 (1946). There was sufficient evidence to warrant the jury finding that Stone & Webster in its capacity as supervising engineer of the project was negligent in permitting use of the steel cable sling without having obtained evidence that the sling had been tested, and such negligence directly caused the plaintiffs' injuries. See Restatement (Second) of Torts § 416 (1965).

5. We do not reach the issues of indemnity flowing to Stone & Webster from Colorado and Portland, as those issues are improperly raised for the first time on appeal. See *Gerber* v. *Ty-Data, Inc.*, 5 Mass. App. Ct. 898 (1977).

6. Stone & Webster argues that the judge could not properly order that Portland receive contribution from it as well as indemnification from Colorado. Although it is not clear that this issue is properly before us, we conclude that the judge did not err. The jury having found that negligence on the part of Stone & Webster was a direct and proximate cause of the plaintiffs' injuries, we think that the judge could properly determine that because Stone & Webster was directly liable to the injured plaintiffs (compare *O'Mara* v. *H.P. Hood & Sons*, 359 Mass. 235, 237-238 [1971]), it was a joint tortfeasor within the meaning of G. L. c. 231B, § 1(a), and that contribution was thereby appropriate. The view urged by Stone & Webster would circumvent the clear aim of c. 231B to distribute equitably the burden of satisfying a judgment among all parties liable for the plaintiffs' injuries. See *Hayon* v. *Coca-Cola Bottling Co.*, 375 Mass. 644, 648 (1978).

7. For all that appears Stone & Webster has not argued here (see Mass. R.A.P. 16[a][4]) the question whether it may be properly held to be a joint tortfeasor with Portland in the absence of a direct action by the primary plaintiffs against it. In any event, the judge's order was correct. See Mass. R.Civ.P. 14(a).

8. Likewise the judge did not err in entering judgments in the third-party actions ordering contribution in the absence of a motion and a hearing. Compare G. L. c. 231B, §§ 1(a), 3(a), with § 3(b). It cannot be gainsaid that one of the purposes of Mass.R.Civ.P. 14(a) is to permit the use of impleader to establish liability for contribution and its amount. See Smith & Zobel, Rules Practice § 14.7 (1974); 6 Wright & Miller, Federal Practice and Procedure § 1448 (1971). See also in this regard G. L. c. 231, § 4B, repealed by St. 1975, c. 377, § 73.

In light of the foregoing, all the judgments and the orders denying post-judgment relief are affirmed.

*So ordered.*

*Alfred J. Monahan* for Colorado Fuel & Iron Corp.

*Philip J. Callan, Jr.*, for United Industrial Syndicated, Inc., d/b/a Portland Co.

*Richard F. Faille* (*Donald A. Beaudry* with him) for Stone & Webster Engineering Corporation.

*Gerard L. Pellegrini* (*Earlon L. Seeley, Jr.*, with him) for Roger Jennett & another.