STONE & WEBSTER ENGINEERING CORPORATION *vs.* UNITED INDUSTRIAL SYNDICATED, INC. July 7, 1983. *Indemnity.*

The plaintiff Stone & Webster Engineering Corp. (Stone & Webster) brought an action against the defendant United Industrial Syndicated, Inc., doing business as The Portland Company (Portland), seeking indemnification for monies paid on judgments affirmed in *Jennett* v. *Colorado Fuel & Iron Corp.,* 9 Mass. App. Ct. 823 (1980). The judge denied Stone & Webster's motion for summary judgment and ordered judgment for Portland. Mass.R.Civ.P. 56, 365 Mass. 824 (1974). For the reasons set out by the motion judge in his memorandum of decision, we affirm the judgment.

The judgments in *Jennett* were based upon the jury's responses to special questions wherein they found: (1) that Portland had been

negligent in its role as the supplier of a "stop-log" structure and associated equipment, including a steel cable sling; (2) that Stone & Webster, the engineer charged with the supervision of the project requiring the structure and equipment, had been negligent in permitting use of the steel cable sling without having obtained evidence that the sling had been tested; and (3) that the negligence of Portland and Stone & Webster was the proximate cause of the injuries sustained by the plaintiffs in that case.[1]

"Indemnity is permitted only when one does not join in the negligent act but is exposed to derivative or vicarious liability for the wrongful act of another. In such cases the court has held that plaintiffs in the indemnity actions had no participation in the negligence of the defendants. 'Their subsequent negligence was rather constructive than actual.' *Lowell* v. *Boston & Lowell R.R.*, 23 Pick. 24, 34 [1839]. Thus they were allowed to recover when they did not join in the act although they became liable in consequence of it. *Hollywood Barbecue Co.* v. *Morse*, 314 Mass. 368 [1943]." *Stewart* v. *Roy Bros.*, 358 Mass. 446, 459 (1970). See also *Gray* v. *Boston Gas Light Co.*, 114 Mass. 149, 154 (1873); *Shea* v. *Bay State Gas Co.*, 383 Mass. 218, 223 (1981), and cases cited. The motion judge concluded that "[b]oth Portland . . . and Stone & Webster were independently negligent and that "Stone & Webster's liability is not purely vicarious." Additionally, the motion judge concluded that Stone & Webster was not entitled to relief under *Boston-Woven Hose & Rubber Co.* v. *Kendall*, 178 Mass. 232 (1901). There the court held: "The plaintiff's misconduct consisted in a failure to discover by inspection a defect in an article specially made for it . . . . Such a failure might make the plaintiff answerable to its men, but even if its conduct be called want of ordinary care, it was induced, as we must assume after the verdict, by the warranty or representations of the defendants." *Id.* at 237. See also Restatement of Restitution § 93 illustration 4 (1937); 3A Frumer & Friedman, Products Liability § 44.03[5] (1982). Here, Portland was in breach of its contract with Northeast Utilities, the owner of the power plant under construction, when it failed to test the cable sling. Unlike the situation in *Boston-Woven Hose & Rubber Co.* v. *Kendall*, 178 Mass. at 236-237, here there has been a special finding by the jury that Stone & Webster was negligent in failing to insist upon evidence from Portland that the sling had been tested, and the verdicts of the jury were reviewed and the judgments affirmed. *Jennett* v. *Colorado Fuel & Iron Corp.*, 9 Mass. App. Ct. 823. While the court did not then reach the issue of indemnification, *id.* at 826, we agree with the motion judge that Stone & Webster cannot take advantage of a breach of contract by Portland "to the extent of claiming indemnity for liability resulting from its own, independent malfeasance." As stated in *Ford* v. *Flaherty*, 364 Mass. 382,

---

[1] Questions concerning contribution under G. L. c. 231B were disposed of in *Jennett* v. *Colorado Fuel & Iron Corp.*, 9 Mass. App. Ct. at 826.

385-386 (1973). "In a few cases indemnity has been allowed to persons who were not free of fault, but the facts and reasoning of those exceptional cases are not apposite here. See *Gray* v. *Boston Gas Light Co.*, 114 Mass. 149 (1873); *Boott Mills* v. *Boston & Me. R.R.*, 218 Mass. 582 (1914); *Hollywood Barbecue Co.* v. *Morse*, 314 Mass. 368 (1943). Compare *Stewart* v. *Roy Bros*, 358 Mass. 446 (1970), and *Becker's Inc.* v. *Breyare*, 361 Mass. 117 (1972)."

*Judgment affirmed.*

*Richard F. Faille* (*Mark J. Albano* with him) for the plaintiff.
*Philip J. Callan, Jr.*, for the defendant.