DAVID PIGNONE *vs.* SANTA ANITA MANUFACTURING CORPORATION &
another.  December 13, 1983.  *Practice, Civil,* Judgment notwithstand-
ing verdict, Interrogatories to jury.  *Negligence,* Manufacturer, Hydrau-
lic lift.  *Evidence,* Safety standards.  *Verdict,* Interrogatories to jury.

The plaintiff was injured when a hydraulic cylinder manufactured by
Victor Equipment Company (Victor) failed, and the truck tailgate lift,
manufactured by Santa Anita Manufacturing Corporation (Santa Anita),
on which he was standing, collapsed.  Both defendants appeal from judg-
ments for the plaintiff entered after the jury, in answers to special ques-
tions, found that each was negligent (Santa Anita 15% — Victor 80%[1])
and that there was a causal relationship between the negligence and the
plaintiff's injuries.  They also appeal from the denials of motions for a
new trial.  Santa Anita also appeals from the judgment against it on its
cross claim against Victor, and from denials of its motions to alter and
amend the judgment and for a new trial.

1.  There was no error in the denial in the case in chief of the defendants'
motions for directed verdicts and for judgments n.o.v.  The case was sub-
mitted to the jury on a theory of negligence.  We view the evidence in the
light most favorable to the plaintiff to determine whether "anywhere in the
evidence, from whatever source derived, any combination of circumstances
could be found from which a reasonable inference could be drawn in favor of
the plaintiff." *Raunela* v. *Hertz Corp.,* 361 Mass. 341, 343 (1972). "Usually
'the question of negligence is one of fact for the jury. Only when no rational
view of the evidence warrants a finding that the defendant was negligent may
the issue be taken from the jury'" (citations omitted). *Mullins* v. *Pine Manor
College,* 389 Mass. 47, 56 (1983), quoting from *Zezuski* v. *Jenny Mfg. Co.,*
363 Mass. 324, 327 (1973).  The standard to which the defendants are held is
that of ordinary, reasonably prudent manufacturers in like circumstances.
*Back* v. *Wickes Corp.,* 375 Mass. 633, 643 (1978).

---

[1] The plaintiff was found 5% negligent.

There was evidence from the plaintiff's expert (see *Wiska* v. *St. Stanislaus Social Club, Inc.*, 7 Mass. App. Ct. 813, 821 [1979]), and others from which the jury could find that the hydraulic cylinder, which failed and caused the tailgate lift on which the plaintiff was standing to fall to the ground, was negligently designed or negligently manufactured, or both, by Victor. On the question of negligent design, there was sufficient evidence to permit the jury to consider "the gravity of the danger posed by the challenged design, the likelihood that such danger would occur, the mechanical feasibility of a safer alternative design, the financial cost of an improved design, and the adverse consequences to the product and to the consumer that would result from an alternative design." *Back* v. *Wickes Corp.*, *supra* at 642, quoting from *Barker* v. *Lull Engr. Co.*, 20 Cal.3d 413, 431 (1978). See *Smith* v. *Ariens Co.*, 375 Mass. 620, 624 (1978); *Uloth* v. *City Tank Corp.*, 376 Mass. 874, 881 (1978); *McLeod* v. *White Motor Corp.*, 9 Mass. App. Ct. 132, 135-136 (1980). The opinions of the plaintiff's expert did not rest on speculation but on adequate evidentiary support. See *Carey* v. *General Motors Corp.*, 377 Mass. 736, 741 (1979); *Gynan* v. *Jeep Corp.*, 13 Mass. App. Ct. 504, 509 (1982). Victor's argument that there may not be a finding of negligent design without evidence of industry standards is without merit. While evidence of industry standards may be relevant and useful, it is not essential and, in any event, it is not conclusive. See *Torre* v. *Harris-Seybold Co.*, 9 Mass. App. Ct. 660, 671-673, 677 (1980). See also *The T.J. Hooper*, 60 F.2d 737, 740 (2d Cir.), cert. denied sub nom. *Eastern Transp. Co.* v. *Northern Barge Corp.*, 287 U.S. 662 (1932).

There was ample evidence from the plaintiff's expert and others, with respect to the manner in which the cylinder had been assembled and welded, from which the jury could find that the hydraulic cylinder had been negligently manufactured by Victor. It was not necessary to such a finding that there be evidence of industry standards of manufacture.

There was sufficient evidence from which the jury could find that it was more probable than not that the plaintiff's injuries were caused by the negligence of Victor. See *Carey* v. *General Motors Corp.*, *supra* at 740. Victor's argument that the evidence established intervening negligence, an argument not made to the trial judge (see *Uloth* v. *City Tank Corp.*, *supra* at 883), is without merit.

There was evidence from which the jury could find that Santa Anita was negligent in failing adequately to test the hydraulic cylinder which it installed in the tailgate lift manufactured by it. The stress test which Santa Anita did use would not necessarily detect a defective weld. There was expert testimony that a nondestructive ultrasonic examination, which had been in use since 1948 and was known to Santa Anita's president at the time of manufacture of the cylinder, would detect such a defect. As in the case against Victor, the absence of evidence of industry standards is not controlling. See *Torre* v. *Harris-Seybold Co.*, *supra* at 677, and cases

cited. The jury could consider the totality of the circumstances and conclude that the failure to use the ultrasonic test was unreasonable. See *Sieracki* v. *Seas Shipping Co.*, 149 F.2d 98, 100 (3d Cir. 1945), aff'd 328 U.S. 85 (1946).

It was also for the jury to determine the adequacy of the warning notice provided by Santa Anita. Santa Anita knew that drivers rode on the tailgate lifts and that there would be a collapse if the hydraulic cylinder failed. The warning was, at best, ambiguous. See *McLeod* v. *White Motor Corp.*, *supra* at 136; *Fiorentino* v. *A.E. Staley Mfg. Co.*, 11 Mass. App. Ct. 428, 434 (1981); *Kalivas* v. *A.J. Felz Co.*, 15 Mass. App. Ct. 482, 487-488 (1983).

There was sufficient evidence of causal relationship between Santa Anita's negligence and the plaintiff's injuries. See *Carey* v. *General Motors Corp.*, *supra* at 740.

2. For the reasons previously stated, there was no abuse of discretion in the denials of the motions for a new trial in the case in chief on the ground that the verdict was against the weight of the evidence. See *Hartmann* v. *Boston Herald-Traveler Corp.*, 323 Mass. 56, 60-61 (1948). We have reviewed all of the evidence and find no abuse of discretion in the denial of Victor's motion for a new trial on the ground of excessive damages. See *doCanto* v. *Ametek, Inc.*, 367 Mass. 776, 787 (1975).

3. Santa Anita's attack on the verdict against it on the cross claim against Victor, on the basis of an alleged inconsistency between jury answers to special questions and the verdict (Mass.R.Civ.P. 49[b], 365 Mass. 813-814 [1974]), is to no avail, since Santa Anita did not file a motion raising the issue prior to discharge of the jury. *McCue* v. *Prudential Ins. Co. of Am.*, 371 Mass. 659, 663 (1976). The stipulation of the parties with respect to the reasons for the absence of counsel for Santa Anita at the time the jury returned the verdict does not salvage the question. "The rule [49(b)] clearly contemplates a motion prior to dismissal of the jury, for it envisages that the judge may order reconsideration of the answers and the verdict." *Ibid.* Moreover, we see no inconsistency. In the cross claim Santa Anita sought indemnity from Victor. The jury specifically found Santa Anita negligent. That negligence necessarily involved the failure adequately to inspect or to warn. "Indemnity is permitted only when one does not join in the negligent act but is exposed to derivative or vicarious liability for the wrongful act of another." *Stewart* v. *Roy Bros. Inc.*, 358 Mass. 446, 459 (1970). See *Stone & Webster Engr. Corp.* v. *United Indus. Syndicated, Inc.*, 16 Mass. App. Ct. 948 (1983), and cases cited.

4. The orders denying postjudgment relief and the judgments are affirmed.

*So ordered.*

*Richard E. Bachman* (*Jerry E. Benezra* with him) for Santa Anita Manufacturing Corporation.

*Richard K. Donahue* for Victor Equipment Company.
*Earle C. Cooley* for the plaintiff.