Staff, J.
This is an appeal by the defendant, Robbins, in a tort action in which the minor plaintiff was awarded damages for personal injuries inflicted by defendant’s rooster.
The defendant contends that the finding that the rooster was owned or kept by the defendant was unsupported by sufficient evidence. As this is the only point briefed by the defendant we shall deem all other issues wavied. Dist./Mun. Cts. R. Civ. P., Rule 64 (f).
The bald identity of name without more, of course, is insufficient to hold the defendant responsible, Herman v. Fine, 314 Mass. 67, 68-69 (1943). It is often said that only slight additional evidence is necessary to permit the inference of identity. Brockton Hospital v. Cooper, 345 Mass. 616, 618 (1963); Nugent v. Popular Markets, Inc., 353 Mass. 45, 46-48 (1967).
In this case, we conclude that the report contains sufficient other evidence to warrant the inference that the defendant was the owner or keeper of the rooster.
The report states that “the Robbins family” (not“a Robbins family”) kept chickens and a rooster on property adjoining the property where the minor plaintiff was playing with another boy and that the rooster sometimes was allowed to roam on the street and onto property of others. A town by-law required that animals including poultry should be kept in an enclosure and not be permitted at large and the town Health Director wrote a letter to Mr. Robbins concerning the by-law and Mrs. Robbins, inferentially the wife of the defendant, came to confer with the Health Director.
In the Nugent case, a letter to a corporation having the same name as the defendant corporation giving notice of a breach of warranty was admitted into evidence without limitation. This was deemed to be sufficient to support a finding that it was the defendant’s store which had sold the offending merchandise. Nugent, supra at 47.
The defendant, either personally or through his wife, did not deny being the owner or keeper of the rooster. The failure to deny ownership and control of the animal in the light of an official admonition to keep the animal confined is at the least slight evidence from which the court may draw an inference of ownership.
Although we rule that the evidence was sufficient to support the finding of *40 the judge, we note that there was no request for a ruling specifically directing the judge’s attention to that point. In the absence of a request for a ruling specifically addressing the issue of identity, it is questionable as to whether the issue is preserved for appellate review. Dellamano v. Francis, 308 Mass. 502, 503 (1941); Perma-Home Corp. v. Nigro, 346 Mass. 349, 353-354 (1963).
Report dismissed.