Fecteau, J.
Plaintiffs brought this civil rights action to recover damages arising from the death of Cristino W. Hernandez (“Hernandez”), who was in police custody at the time of his death. Plaintiffs allege that the police officers beat and mistreated Hernandez, were deliberately indifferent to Hernandez’s rights, and, thus, caused his death.
During Hernandez’s arrest, the police officers utilized pepper spray (“CAP-STUN”), which third-parly defendant, Zarc International, Inc. (“Zarc”), had sold to defendant and third-party plaintiff, the City of Worcester (the “City”). The City brought a third-party action against Zarc, claiming that Zarc (1) breached *310 the sales contract (Count I); (2) negligently failed to warn, instruct or train the City (Count II); (3) negligently designed CAP-STUN (Count III); (4) breached express and implied warranties (Counts IV and V, respectively); (5) misrepresented the safely of CAP-STUN (Count VI); (6) violated G.L.c. 93A (Count VII); and (7) is liable under an indemnification theory (Count VIII). Zarc now moves for summary judgment on all counts of the City’s third-party complaint on the primary ground that the City cannot prove that CAP-STUN caused or contributed to Hernandez’s death.[4] For the reasons set forth below, Zarc’s motion for summary judgment is allowed.
BACKGROUND[5]
The following relevant facts are undisputed. In 1992, the City entered into a contract with Zarc to purchase CAP-STUN for the Worcester Police Department. Prior to the purchase of CAP-STUN, George Rocheford (“Officer Rocheford”), the Worcester Police Department armorer until 1994, had researched different pepper spray products, including CAP-STUN, had received documents on CAP-STUN from Zarc, had spoken to a number of Zarc employees regarding their product, and attended, in May 1992, a one- or two-day seminar provided by Zarc in South Carolina. In September 1992, Officer Rocheford began issuing and training other officers on the use of CAP-STUN.
On or about July 5, 1993,[6] defendants, David Reidy (“Officer Reidy”) and Christopher Mclnnes (“Officer Mclnnes”), both Worcester police officers, were involved in the arrest of Hernandez. In executing the arrest, Officer Reidy sprayed Hernandez with CAP-STUN twice in order to subdue him. Officer Reidy also placed Hernandez in a prone position, and, while or just after handcuffing him, placed one knee on the middle to upper portion of Hernandez’s back and raised Hernandez’s arms. Hernandez subsequently died.[7]
On July 17, 1993, Joann Richmond (“Richmond”) performed an autopsy on Hernandez and concluded that he died of “anoxic encephalopathy caused by a respiratory compromise while he was being restrained." Richmond further determined that the respiratory compromise “was directly related to the chest being compressed by the weight of the police officers.” Richmond could not come to any conclusion “as to the causal connection of the use of [CAP-STUN] and the anoxic encephalopathy” suffered by Hernandez.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving parly is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc. 404 Mass. 14, 16-17 (1989). With respect to any claim on which the moving party does not have the burden of proof at trial, the movant may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the parly opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion . . .” Pederson, 404 Mass. at 17.
Underlying each of the City’s counts in its third-party complaint is that CAP-STUN caused or contributed to Hernandez’s death. See generally Mass.R.Civ.P. 14(a) (“a defending party, as a third-party plaintiff, may . . . cause a summons and complaint to be served upon a person who is or may be liable to himfor all or part of the plaintiff's claim against him!’) (emphasis added); Gabbidon v. King, 414 Mass. 685, 686 (1993) (Rule 14(a) “is intended to be used in situations of indemnity or possible contribution). In order for the City to hold Zarc liable, the City bears the burden at trial of proving that CAP-STUN caused or contributed to Hernandez’s death; or, otherwise, Zarc would not be liable to the City "for all or part of the plaintiffs claim against [the City]."[8] Mass.R.Civ.P. 14(a). See, e.g., Jennett v. Colorado Fuel & Iron Corp., 9 Mass.App.Ct. 823, 824 (1980) (holding that sufficient evidence existed to warrant the jury finding that certain third-party defendants were negligent and that their negligence was a direct and proximate cause of the plaintiffs injuries and noting that the jury found that another third-party defendant had breached an implied warranty, but that the breach was not a proximate cause of plaintiffs injuries), rev. denied 379 Mass. 928. Therefore, in order to obtain summary judgment, Zarc, as the moving party who does not bear the burden at trial, must “demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or ‘by demonstrating that proof of that element is unlikely to be forthcoming at trial.’ ” Flesner, 410 Mass. at 809; Kourouvacilis, 410 Mass. at 716. If Zarc proffers such affirmative evidence, the City then “must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [Zarc’s] motion ...” Pederson, 404 Mass. at 17.
Zarc has submitted the City’s answers to its interrogatories, dated May 11, 1995, wherein the City states that it has not yet determined which, if any, experts it intends to call at trial. See, e.g., Kourouvacilis, 410 Mass. at 714 (citing Celotex Corp., v. Catrett, 477 U.S. 317, 328 (1986), which held that, *311 by pointing out plaintiffs failure to identify any witness expected to testify regarding the deceased’s exposure to defendant’s product, although such identification was requested in defendant’s interrogatories, defendant satisfied its burden of demonstrating that no genuine issue of material fact existed). Additionally, Zarc has introduced excerpts from Richmond’s deposition, wherein Richmond testifies that she cannot come to any conclusion “as to the causal connection of the use of [CAP-STUN] and the anoxic encephalopathy” suffered by Hernandez and that any such conclusion would be a matter of speculation ”[a]t this point.” Richmond further states that there is a lot of research being conducted as to whether or not pepper spray in general can cause respiratory problems in certain specific individuals and that “right now nobody has the answer to that question.” Zarc, through these submissions, has therefore demonstrated that the City will be unlikely to offer proof at trial that CAP-STUN caused or contributed to Hernandez’s death. See Kourouvacilis, 410 Mass. at 711. The City now must respond with specific facts which raise a genuine issue of material fact as to CAP-STUN’s causal relationship to Hernandez’s death. Id; Pederson, 404 Mass. at 17.
The City has failed to produce any evidence regarding an essential element of each of its counts against Zarc, namely that CAP-STUN caused or contributed to Hernandez’s death. The City has not submitted an affidavit by an expert stating such an opinion, See, e.g., Celotex, 477 U.S. at 328, nor has it pointed to anything in the summary judgment record which raises any issue as to whether CAP-STUN caused or contributed to Hernandez’s death. The City claims that Zarc’s brochure, which states that positional asphyxia may occur if a person is sprayed with CAP-STUN and then placed in a prone position, is sufficient to raise a triable issue as to causation. However, the fact that a product is potentially dangerous, or even is known to be dangerous in certain circumstances, is insufficient to establish a genuine issue of material fact that the product caused injury or death to a particular plaintiff or plaintiffs decedent. Therefore, the fact that CAP-STUN may contribute or cause a person to suffer positional asphyxia, as implied in Zarc’s brochure, does not establish a genuine issue of material fact that it caused or contributed to the death of Hernandez in particular (which is the pertinent issue in this case). Accordingly, summary judgment is appropriate as the City has failed to respond to Zarc’s evidence which demonstrates that proof of causation, to wit, that CAP-STUN caused Hernandez’s death, “is unlikely to be forthcoming at trial.”[9] Flesner, 40 Mass. at 809; Kourouvacilis, 410 Mass. at 716.
ORDER
It is hereby ORDERED that Zarc International, Inc.’s Motion for Summary Judgment is ALLOWED.

Zarc also claims that summary judgment is appropriate as (1) it has no express or implied obligation to indemnify the City; (2) the City is precluded from seeking contribution from it under 42 U.S.C. §1983; (3) the City cannot seek contribution for punitive damages awarded pursuant to the Wrongful Death Statute, G.L.c. 229, §2; (4) the City fails to state a claim for misrepresentation and for breach of an express warranty; and (5) the City’s duplicative breach of contract claim fails as a matter of law. As the Court bases its decision on Zarc’s primary contention that the City cannot prove that CAP-STUN contributed to Hernandez’s death, it is unnecessary to address the additional grounds upon which Zarc relies in support of its motion for summary judgment.

Both the plaintiffs’ complaint and the third-party plaintiffs’ complaint are unverified; and, therefore, this Court has not utilized those complaints as a basis for the background section except when relating the parties’ allegations. Instead, the Court has relied upon the parties’ depositions and answers to interrogatories which were annexed as exhibits to the summary judgment papers.

 There is some discrepancy in the exhibits provided by the parties as to whether the incident occurred on July 5, 1993 or July 6, 1993. However, the exact date of the incident is irrelevant to the instant motion.

Plaintiffs, in their complaint, allege that Hernandez died on July 16, 1993.

The only injury the City could suffer as a result of Zarc’s alleged negligence, breach of contract and warranties, and unfair and deceptive practices is being found liable to plaintiffs for Hernandez’s death. Therefore, intrinsic to holding Zarc liable to the City for causing the City to be liable to plaintiffs is proof that its product caused or contributed to Hernandez’s death.

Although not considered in this motion, the Court notes that Zarc, in support of its motion, submitted an affidavit by an expert which concludes that CAP-STUN was not a cause of Hernandez’s death. Therefore, although not required, Zarc has submitted evidence that negates an essential element of the City’s case, specifically, causation. As discussed, supra the City has failed to respond with any evidence to raise a triable issue as to causation.