Lauriat, Peter M., J.
On December 24, 2008, the plaintiff, Capstone Building & Construction LLC (“Capstone”), brought this action against the defendant, Donna Payne (“Payne”), pursuantto G.L.c. 142A, §4, seeking a de novo trial after an arbitrator’s decision. Payne has now moved, pursuant to Mass.R.Civ.P. 14, for leave to file a third-party complaint against one Peter Cahill (“Cahill”), as the purported designee of Capstone under G.L.c. 142A, §9(c), on the ground that he is or may be liable to her. For the following reasons, Payne’s motion for leave to file a third-party complaint is denied without prejudice.
BACKGROUND
On or about April 2, 2007, Capstone, a limited liability corporation headquartered in Braintree, Massachusetts, that is engaged in the business of home improvement services, entered into a contract with Payne and Dessa Payne, her sister (collectively, the “Paynes”), to remodel two porches at their home in Mattapan, Massachusetts. Peter Cahill, a manager for Capstone, represented Capstone in its contract with the Paynes.
In June or July of 2007, the Paynes and Capstone began to quarrel about aspects of the project. Pursuant to G.L.c. 142A, the Paynes eventually demanded arbitration of their disputes with Capstone. On October 3, 2008 and October 10, 2008, the Paynes and Capstone arbitrated their disputes through the Massachusetts Home Improvement Arbitration Program. On December 8, 2008, the arbitrator rendered a decision in favor of the Paynes.[1] The arbitrator determined, inter alia, that the April 2, 2007, contract contained various violations of G.L.c. 142A, that Capstone failed to provide a remedy to correct its “shoddy work,” and that Capstone violated G.L.c. 93A. Ultimately, the arbitrator awarded the Paynes a total of $32,751.
On December 24, 2008, Capstone filed the present action, pursuant to G.L.c. 142A, §4, seeking “a trial de novo of the dispute.” The two-page complaint contains nine numbered sentences and does not set forth any specific claims. OnAugust20,2009, Payne filed a motion for leave to file a third-party complaint against Cahill, pursuant to Mass.R.Civ.P. 14. As noted above, Cahill represented Capstone in the April 2, 2007, contract with the Paynes. In her proposed third-party complaint against Cahill, Payne asserts claims of misrepresentation, breach of the covenant of good faith and fair dealing, violation of G.L.c. 142A, and violation of G.L.c. 93A.
DISCUSSION
General Laws c. 142A, the Home Improvement Contractor Act, establishes a private arbitration services program “to consider disputes between owners and registered contractors and subcontractors, concerning or arising from contracts for residential contracting services.” G.L.c. 142A, §4(a). See G.L.c. 142A, §4(b) (“[a]ll registered contractors and subcontractors who enter into contracts for residential contracting impliedly consent to the provisions contained in this section”). Once the arbitrator has rendered his or her decision, “[a] contractor, subcontractor or homeowner may . . . appeal the decision of an arbitrator for a trial de novo in superior court or district court . . . Such appeal must be filed within twenty-one days from the issuance of such findings and shall stay any work or payment to the owner, contractor or subcontractor.” G.L.c. 142A, §4(e). In the subsequent trial de novo, “(a]ll findings of fact issuing from arbitration shall be taken as prima facie evidence . . .” G.L.c. 142A, §4(d).
Pursuant to Mass.R.Civ.P. 14, “(a]t any time after commencement of the action a defending party, as a third-party plaintiff, may . . . cause a summons and complaint to be served upon a person who is or may be liable to him for all or part of the plaintiffs claim against him.” Mass.R.Civ.P. 14. “The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 20 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action.” Id. The allowance or denial of leave to file a third-party complaint rests within the discretion of the Court. Jennett v. Colorado Fuel & Iron Corp., 9 Mass.App.Ct. 823, 825 (1980).
Payne asserts that Cahill, as the purported desig-nee of Capstone under G.L.c. 142A, §9(c), is or may be liable to her, and therefore, under Mass.R.Civ.P. 14, her motion for leave to file a third-party complaint against Cahill should be allowed. See G.L.c. 142A, §9(c) (“[i]n the case of registration by a corporation or *216 partnership, an individual shall be designated to be responsible for the corporation’s or partnership’s work. The corporation or partnership and its designee shall be jointly and severally liable for: the payment of the registration fee, the payment to the fund, as required herein, and for violations of any provisions of this chapter, including actions by the registrant’s employees, subcontractors or salespersons”). Payne also asserts that the parties would not be prejudiced by Cahill’s potential inclusion in this case, and that the interests of judicial economy would be best served by Cahill’s inclusion at this time.[2] Capstone, however, contends that Payne’s claims are improperly asserted under Mass.RCiv.P. 14 because Capstone has not asserted any claims against Payne in its appeal of the arbitrator’s December 8, 2008 decision. Also, Capstone argues that Payne’s reliance on G.L.c. 142A, §9(c) is misplaced because that statute would allow Capstone to assert a claim against Cahill.[3]
Payne’s motion for leave to file a third-party complaint must be denied on the present record, because Capstone has not asserted any claims in its complaint against Payne. Where a plaintiffs complaint only seeks an appeal of an arbitrator’s decision for a trial de novo under G.L.c. 142A, §4(e) and asserts no claims, a defendant is precluded from filing a third-party complaint pursuant to Mass.R.Civ.P. 14. See Mass.R.Civ.P. 14 (“[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may . . . cause a summons and complaint to be served upon a person who is or may be liable to him for all or part of the plaintiff’s claim against him”) (emphasis added). In this case, Capstone’s complaint simply seeks a trial de novo of the arbitrator’s decision. See G.L.c. 142A, §4(e) (a contractor may appeal an arbitrator’s decision for a trial de novo in the Superior Court and an appeal “shall stay any work or payment to the owner, contractor or subcontractor”). At this point, Capstone has not asserted any claims against Payne, and there is therefore no basis for Payne’s third-party complaint against Cahill. As a consequence, the defendant’s motion for leave to file a third-party complaint must be denied.
However, as the parties clarify the issues prior to the trial, and if Payne seeks to recover damages against Capstone, she may well be able to join Cahill as a necessary party plaintiff in this action, pursuant to Mass.R.Civ.P. 19(a), given the intent of G.L.c. 142A, §9(c) to make Capstone’s designee jointly and severally liable for any violations of that chapter.
ORDER
For the foregoing reasons, the Defendant’s Motion for Leave to File a Third-Party Complaint is DENIED without prejudice.

 Payne attached the arbitrator’s decision to her answer to Capstone’s complaint.

Payne points out that should this Court deny her motion for leave to file a third-party complaint, she will be “forced to file a second and separate action against Cahill seeking damages under G.L.c. 142A.”

Nonetheless, the issue of whether G.L.c. 142A, §9(c) places liability on Cahill is not relevant to the instant motion because as discussed below, Capstone’s complaint does not assert any claims against Payne. Moreover, Massachusetts appellate courts have yet to determine what impact, if any, G.L.c. 142A, §9(c) would have on the issue of liability of similarly situated parties to those in the present action. See Fireman's Fund Ins. Co. v. Falco Constr. Corp., 493 F.Sup.2d 143,148 (D.Mass. 2007) (recognizing the “dearth of legislative history and case law” regarding G.L.c. 142A, §9(c)).